**John Fredrick SHELTON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–75–688.**

Court of Criminal Appeals of Oklahoma.

March 8, 1976.

Richard A. Hoffman, Public Defender, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., for appellee.

## MEMORANDUM OPINION

BUSSEY, Judge:

Appellant, John Fredrick Shelton, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Tulsa County, Case No. CRF–75–520, for the offense of Robbery With Dangerous Weapon, After Former Conviction of Felony, in violation of 21 O.S.Supp. 1974, § 801. The jury fixed his punishment at fifteen (15) years' imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial, Garfield Ring first testified for the State that while at a liquor store on the evening of March 10, 1975, he observed the defendant's right hand bleeding and offered assistance. Defendant declined help with his hand but asked for a ride home as the witness was leaving the store. Defendant was driven to 1441 South Baltimore and upon arrival invited the witness to come in for a drink. They entered defendant's apartment where the witness had one drink from a bottle of gin, and as the witness started to leave defendant disappeared but momentarily returned and accosted the witness with a butcher knife held in his right hand. Defendant stated, "This is a stickup! . . . I want all you got." (Tr. 5) Defendant then had the witness remove an uncertain amount of money from his coat and billfold, including some change, several one dollar bills and at least two five dollar bills, and also took an unopened one half pint of whiskey which the witness had purchased at the liquor store. During the incident an unknown woman was present in the apartment, but the witness testified that she was seated and that a high table could have blocked her view of the knife. Defendant followed the witness to the back door of the apartment where the witness departed for a nearby convenience store and contacted the police. When the police arrived, he accompanied them to the de-

fendant's apartment. State's Exhibit No. 1 was identified as resembling the butcher knife which the defendant had utilized. The witness testified that he had only drunk two beers prior to the incident and admitted a prior conviction for DWI.

Betty Jo Broome next testified that she was staying with the defendant at 1441 South Baltimore on March 10, 1975. However, she had difficulty in recalling the events of that evening since she had taken ten milligrams of Valium and had drunk a pint of gin. She admitted to being an alcoholic and having numerous prior arrests for drunkenness. She did remember that the prior witness had come to the apartment with the defendant and stayed for about ten minutes. She also remembered the defendant asking Mr. Ring for some money and Mr. Ring giving him some money, after which defendant angrily shouted, "No, I want all of your money." (Tr. 33) She did not see defendant with a knife but did not eliminate that possibility. She further testified that the defendant gave her two five dollar bills and thought this was after Mr. Ring had departed. The police then soon arrived and she had a conversation with them but could not recall the discussion. She was then arrested and at the time of the trial was under bond as a witness.

Officer Robert Howard Patty of the Tulsa Police Department then testified that he investigated a reported robbery on the evening of March 10, 1975, at 1441 South Baltimore, Tulsa County, arriving at the same time as Officer Nickel who was accompanied by the complaining witness, Mr. Ring. When defendant opened the door, Mr. Ring volunteered an identification of defendant who invited the officers into the apartment. Blood was observed on defendant's hands, and the officer recognized Ms. Broome who was somewhat intoxicated. Both defendant and Ms. Broome were then placed under arrest. An unopened pint or half pint of whiskey was observed on a table along with several other bottles of wine and liquor. Three expended .22 caliber shell casings were observed on the floor at Ms. Broome's feet, and fearing for his safety a search was conducted of the area. A butcher knife identified as State's Exhibit No. 1 was found near the sink in the kitchen with fresh blood coagulated on the blade and minute traces of blood on the handle. After the bathroom and the cabinet therein had been searched, Ms. Broome was permitted to use the restroom, and while she was there the officer heard the cabinet door open and close. He then again searched the bathroom cabinet and discovered two five dollar bills identified as State's Exhibit No. 2 with traces of blood upon one of the bills. State's Exhibit No. 3 was identified as containing eleven one dollar bills, one five dollar bill, two ten dollar bills and one twenty dollar bill taken from the defendant. State's Exhibits Nos. 1 through 3 were then admitted into evidence.

The testimony of Officer Jim Nickel of the Tulsa Police Department tended to corroborate portions of the foregoing testimony of Officer Patty, however, Officer Nickel did not recall Officer Patty being present when defendant opened the door to his apartment.

The State then rested, and defendant has designated on appeal only a transcript of the evidence introduced in chief by the State.

 In the first of his three assignments of error, defendant contends that State's Exhibits Nos. 1 and 2 were the fruits of an unlawful search and seizure and inadmissible. Although defendant did interpose an objection to testimony regarding the discovery and identification of State's Exhibit No. 2 (Tr. 65), no objection was made to such testimony regarding State's Exhibit No. 1 (Tr. 6 and 62), and even before the exhibits were formally offered into evidence defense counsel expressly abandoned any objection to the introduction or admission of these exhibits in stating, "Your Honor, if he wants to enter

1 and 2 and 3, we have no objection to it being received in evidence." (Tr. 83) This proposition was therefore not preserved for review on appeal. See, *Matthews v. State*, Okl.Cr., 530 P.2d 1044 (1975).

 In his second assignment of error defendant contends that he was denied the right of confrontation when accusatory hearsay statements were admitted over his objection. This assignment is predicated upon the testimony of Officer Patty who was permitted to relate statements made by Ms. Broome after the officer arrived at defendant's apartment, as follows:

"Q. What did she say in regard to your investigation of this case?

"A. She testified that . . . the victim, Garfield Ring, and the defendant had entered this room whereby the suspect had obtained an amount of money from . . . the victim. By what means, she was not sure, but she stated that the defendant at one point shouted or screamed, 'Give me all of it!'" (Tr. 69)

\* \* \* \* \* \*

"Q. Going back to the house and, did you have any other conversation with Miss Broome in regard to these two $5 bills as to where she had got them?

\* \* \* \* \* \*

"A. Yes, sir, I did. I asked her where she got these two and—

"A. She stated that she guessed they were given to her by the defendant, Mr. Shelton; whereby, she stated she placed them in her bra—" (Tr. 82–83)

The State seeks to justify the admission of this testimony upon the basis that the statements were made in defendant's presence, but alternatively argues that any error was harmless. We agree with the latter contention, and are of the opinion that the foregoing testimony was clearly cumulative to prior testimony of Ms. Broome

and harmless beyond a reasonable doubt. See, *Martin v. State*, Okl.Cr., 510 P.2d 1394 (1973).

 In his final assignment of error defendant asserts that the sentence imposed was excessive. We need only observe that the punishment assessed by the jury was well within the range provided by law. We have consistently held that the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each particular case, and this Court does not have the power to modify a sentence unless we can conscientiously say that under all the facts and circumstances the sentence is so excessive as to shock the conscience of this Court. See, *LaRue v. State*, Okl.Cr., 404 P.2d 73 (1965).

For the above and foregoing reasons, the judgment and sentence appealed from is, accordingly, *AFFIRMED*.

BRETT, P. J., and BLISS, J., concur.