Raymond Ray **RIDDLE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. M–76–657.

Court of Criminal Appeals of Oklahoma.

Nov. 10, 1976.

Ronald V. Collier, Hennessey, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., John Powers, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Raymond Ray Riddle, hereinafter referred to as defendant was charged, tried and convicted in the District Court, Kingfisher County, Case No. CRM–75–297, for the offense of Driving While Under Suspension, subsequent offense in violation of 47 O.S.1971, § 6–303. The jury assessed his punishment at four (4) months in the county jail and a fine in the amount of Two Hundred Fifty Dollars ($250.00). From said judgment and sentence a timely appeal has been perfected to this Court.

The State's only witness, Eddie L. Cline, testified that on October 31, 1975 he was employed as a police officer by the City of Hennessey. He stated that on that date while investigating another matter at approximately 11:55 p.m. he stopped a vehicle driven by the defendant. Mr. Cline, further testified that when he asked the defendant for his driver's license, the defendant told him that he had none. The witness then informed the defendant that a check would have to be made through the Department of Public Safety to see if the defendant had a driver's license. The defendant was then arrested and charged with driving without a license. The witness was then shown a document which he identified over the objections of defense counsel, as the report by the Department of Public Safety which contained the defendant's driving record. He then stated that according to this record the defendant had been issued an Oklahoma driver's license which was currently under suspension. The prosecutor was then permitted, again over defense counsel's objections to read the prior Judgment and Sentence to the jury. The State then rested. The defense did not present any evidence.

For his first assignment of error, the defendant contends that the trial court erred in admitting evidence which tended to show that the defendant had committed offenses other than that for which he is charged. The defendant also contends, as part of his first assignment that the introduction of this evidence constitutes hearsay and therefore was inadmissible.

Since we agree with this latter contention and believe this case should be reversed, we will not discuss defendant's other assignments of error.

The specific piece of evidence in question is a purported report from the Department of Public Safety, State's Exhibit No. 1, showing the previous driving record of the defendant as well as the fact that his license was under suspension on October 31, 1975. This report was admitted over the objections of defense counsel. (Tr. 17):

"MR. PRIEBE: This is a report from the Department of Public Safety, Your Honor.

"MR. BARR: It's clearly inadmissible, Your Honor.

"THE COURT: I don't agree with you. That is a matter of procedure.

"MR. BARR: Your Honor, do you know who sent that report? Is that person here to testify that made that report?

"THE COURT: Mr. Barr, let's not argue in front of the jury. You will get a chance to examine it before it's offered.

"MR. BARR: We object because it doesn't indicate who sent it; where it came from; what it is."

Upon a closer examination of this document, it is apparent that it is not a duly certified copy of the defendant's driving record, from the Department of Public Safety. Nowhere on the document is there any authentication to show the information contained therein originated from that agency. Rather the document appears to be a "rap sheet" or police report of prior arrests and convictions. Title 12 Oklahoma Statutes § 1705.01 states:

"An official record kept within the United States, or any state, district, commonwealth, territory, insular possession thereof, or the Panama Canal Zone, the Trust Territory of the Pacific Islands, or the Ryukyu Islands, or an entry therein, when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, or by his deputy, and accompanied by a certificate that such officer has the custody. . ."

When tested by the above standards, we believe the document in question should not have been admitted into evidence. In *Lawson v. State*, Okl.Cr., 486 P.2d 759 (1971) this Court stated:

"Furthermore, the copy of the report offered herein was not certified, which renders it incompetent evidence, even if otherwise admissible. In *Weeks v. State*, 88 Okl.Cr. 291, 202 P.2d 1005 (1949), we held admission of an uncertified copy of a police report to be reversible error. The statutes provided for proper certification of records to be accepted into evidence in any court. 12 O.S.1961, §§ 499, 502; and 12 O.S.Supp. 1970, § 1705.01. These requirements were not met, and the record was thus inadmissible."

See also *Oklahoma Department of Public Safety v. Robinson*, Okl., 512 P.2d 128. Since it goes to the essence of the State's

case, by establishing the essential element of license suspension, the error is prejudicial to the defendant's rights and requires reversal. *Roddy v. State*, 47 Okl.Cr. 283, 287 P. 765 (1930).

We would also point out that upon retrial evidence of prior crimes which is not germane to the issue of proving the crime charged should not be presented to the jury.

For the reasons cited above the judgment and sentence is hereby reversed and the cause remanded for a new trial. *RE-VERSED AND REMANDED*.

BRETT, P. J., and BLISS, J., concur.