**David Leon ROSS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–78–126.**

Court of Criminal Appeals of Oklahoma.

Dec. 21, 1978.

Rehearing Denied Feb. 1, 1979.

E. Terril Corley, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Ross N. Lillard, III, Asst. Dist. Atty., for appellee.

OPINION

BRETT, Judge:

Appellant, David Leon Ross, hereinafter referred to as defendant, was convicted in the District Court, Tulsa County, Case No. CRF–77–1305, Jay D. Dalton, Judge, of the crime of Robbery With Firearms and sentenced to a term of fifteen (15) years under the supervision of the Department of Corrections. From this judgment and sentence, defendant has perfected his appeal to this Court.

Testimony by State's witnesses that the defendant robbed with a firearm the Git-n-Go convenience store at 1627 North Peoria in Tulsa, Oklahoma, was believed by the trier of fact despite the testimony of defendant and his witnesses in support of his alibi and denial that he was the perpetrator of the crime.

■ Defendant's only assignment of error is that the trial proceedings, when considered as a whole, deprived the defendant of a fair and impartial trial, denied him due process of law, and thus, constitutes basis for reversal or modification. Specifically, the defendant contends that the prosecutor attempted to inject into the proceedings his personal belief of the defendant's guilt. To support his allegations of irregularity and error in the trial, defendant calls to our attention specific instances of what he feels will exemplify misconduct and lack of good faith by the prosecutor. We will discuss the merits of each.

Defendant's first example in support of his assignment of error occurred during the voir dire. He excepts to the Assistant District Attorney's statement, "I anticipate possibly the evidence will show that at the time this offense was committed, that this man was intoxicated, slightly before the actual event occurred." It is defendant's assertion that this remark by the prosecutor, states the facts in an "absolute, rather than in a hypothetical sense, so that it is painfully obvious he literally makes a statement to the jury which indicates his own personal belief in the guilt of the accused." We disagree. The word "possibly" as used in this sentence, cannot be construed to be an absolute but only to exemplify what the

evidence adduced at trial could or might prove to the jury. We do not feel the statement was improper. Additionally, the jury was admonished to not consider as evidence any statement made during the voir dire.

Another example defendant uses to support his assignment of error is a comment made by the prosecutor during his opening statement, which defendant couples with testimony by a State's witness during direct examination to form his specific objection. During the opening statement, the trial court overruled defendant's objection to what he considered to be an attempt to place hearsay evidence before the jury because the prosecutor was outlining what the State intended to prove. Later, defendant contends, the prosecutor again attempted to enter the same hearsay evidence in the record, using State's witness V. Gillory as his vehicle. The testimony of V. Gillory, defendant alleges, was not offered to show that certain statements were made but rather to show that these alleged hearsay statements were true. Thus, continues defendant, the Assistant District Attorney was trying indirectly to place evidence before the jury that he could not place before the jury directly, and as a result could use this witness' testimony to corroborate his own belief that the defendant was guilty. Defendant objected to this testimony at trial, and the trial court overruled his objection.

Defendant's bifurcated objection to support his assignment of error is without merit. He cites no subsequent comments by the prosecutor to substantiate his charge. Our reading of the proceedings does not indicate any efforts by the prosecutor to foist his opinion on the jury. The alleged hearsay evidence is cumulative to that of a prior witness, lending additional credence to previous testimony. Thus, even if Gillory's testimony were held to be hearsay and the trial court erred by overruling defendant's objection to its introduction, we feel any possibility of error does not offend basic evidentiary standards since this testimony is cumulative to that of a previous witness. See *Shelton v. State,* Okl.Cr., 546 P.2d 1348 (1976).

Defendant excepts to the prosecutor's cross-examination during his own testimony. He feels that asking if defendant thought previous witnesses had lied was erroneous questioning by the Assistant District Attorney. Defendant cites two cases to support his contentions. Both *Dupree v. State,* Okl.Cr., 514 P.2d 425 (1973), and *Lewis v. State,* Okl.Cr., 569 P.2d 486 (1977), are distinguishable, however, in that the prosecutor's comments concerning lies told by the defendant are confined to his closing argument. The prosecutor's line of questioning was an effort to impeach the defendant's testimony. While this technique is not desirable, we find no error in his cross-examination.

Defendant also questions a statement made by the prosecutor during his closing argument which defendant feels was designed to arouse the passions of the jury. Although the statement could be construed as an attempt to inculcate in the jury a feeling of satisfaction if it found the defendant guilty, we cannot see that this particular comment, by itself, justifies a modification or reversal. Viewing the closing argument in its entirety, we find no indication that it is highly improper.

The transcript of the trial proceedings scrutinized as a whole does not justify defendant's contentions that the jury was influenced by any statements, questions, or comments of the prosecutor in reaching its verdict of guilty. Based on the proceedings contained in the transcript, defendant was not denied due process of law. The State's evidence substantiates a verdict of guilty; the punishment imposed by the jury is supported by statute; and we do not feel that a sentence of 15 years is excessive for the commission of the violent crime of Robbery With Firearms, based on the evidence presented in the trial. Accordingly, the judgment and sentence is *AFFIRMED.*

BUSSEY, P. J., and CORNISH, J., concur.