Lois Nadean SMITH, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–83–9.

Court of Criminal Appeals of Oklahoma.

Oct. 28, 1986.

Rehearing Denied Dec. 8, 1986.

Elaine Meek, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Robert M. Cole, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Lois Nadean Smith, was convicted in the District Court of Sequoyah County, Case No. CRF–82–104, of Murder in the First Degree for which she received a sentence of death.

The evidence shows that the appellant, her son Greg, and Teresa Baker picked up Cindy Baillee at a Tahlequah motel early on the morning of July 4, 1982. Baillee had been Greg's girlfriend, but allegedly had made threats to have him killed.

As the group drove away from the motel, appellant confronted Ms. Baillee with rumors that she had arranged for Greg's murder. When Ms. Baillee denied making any threats or arrangements, appellant choked the victim and stabbed her in the throat with a knife found in the victim's purse. The car traveled to the home of Jim Smith, the appellant's ex-husband and Greg's father in Gans, Oklahoma. Present at the house were Smith and his wife Robyn. She left shortly after the group arrived.

While at the Smith house, appellant forced Ms. Baillee to sit in a recliner chair. She then threatened to kill Ms. Baillee, and taunted her with a pistol. Finally, appellant fired a shot into the recliner, near Ms. Baillee's head. She then fired a series of shots at Ms. Baillee, and the wounded victim fell to the floor. As Greg Smith reloaded the pistol, appellant laughed while jumping on the victim's neck. Appellant took the pistol from Greg and fired four more bullets into the body. A subsequent autopsy showed Ms. Baillee had been shot five times in the chest, twice in the head, and once in the back. Five of these gunshot wounds were fatal. The knife wound was also potentially fatal.

An expert in blood splatter analysis testified blood stains on the blouse worn by appellant proved circumstantially that she had fired the fatal shots. Evidence also was presented by the State that appellant directed her companions to dispose of some evidence and arranged an alibi story for them.

Appellant testified on her own behalf that Teresa Baker actually shot and killed Ms. Baillee. She claimed Ms. Baker killed the victim because of jealousy over Greg.

██ The appellant claims as her first assignment of error that a special prosecutor was allowed to try this case in violation of Oklahoma statutes which do not permit the appointment of a special prosecutor. *Driskell v. Goerke*, 562 P.2d 157 (Okl.Cr. 1977) and *Driskell v. State*, 659 P.2d 343 (Okl.Cr.1983). The record reveals that Assistant District Attorney Michael Daffin had tendered his resignation, effective November 1, 1982, but because of delays, the

appellant's trial, which was being prosecuted by Mr. Daffin, was set in December, 1982. He agreed to stay in order to try the case. The appointment of an attorney for the special and limited purpose of assisting in the prosecution of a case through some procedure other than that set out in the statutes (*see especially*, 19 O.S.1981, § 215.9) is error. *Driskell v. Goerke*. The attorney in the two *Driskell* cases had been specially retained to prosecute Driskell. In contrast, Mr. Daffin merely agreed to delay his departure in order to avoid another delay in this trial. Under these facts Mr. Daffin cannot be considered a special prosecutor, and so this assignment of error is without merit.

The appellant next alleges that her sixth amendment right to counsel was violated when the trial court allowed one attorney to represent both codefendants. She claims that the possibility of a conflict of interest was apparent to the trial judge and he should have taken action to remedy the apparent conflict. The record reveals that appellant's trial counsel was retained by appellant the day of the killing, and was appointed by the court to represent her codefendant, Greg Smith, on July 8, 1982. There is no record of an objection to this appointment based upon a conflict of interest, nor were any objections made by the codefendants.

The issues in this assignment of error are identical to those addressed by the Supreme Court of the United States in *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980):

The first is whether a state trial judge must inquire into the propriety of multiple representation even though no party lodges an objection. The second is whether the mere possibility of a conflict of interest warrants the conclusion that the defendant was deprived of his right to counsel.

*Id.* at 345, 100 S.Ct. at 1716. The Court held:

Unless the trial court knows or reasonably should know that a particular conflict exists, the court need not initiate an inquiry.

*Id.* at 347, 100 S.Ct. at 1717.

[T]he possibility of conflict is insufficient to impugn a criminal conviction. In order to demonstrate a violation of his Sixth Amendment rights, a defendant must establish that an actual conflict of interest adversely affected his lawyer's performance.

*Id.* at 350, 100 S.Ct. at 1719. There is no evidence that a conflict of interest arose during the course of appellant's trial. She asserts, however, that an actual conflict of interest is shown by the defense theory in Greg Smith's trial that the appellant alone planned and carried out the killing of Cindy Baillee. But this theory was used only after the appellant's conviction, and was first presented by defense counsel during closing argument in Greg Smith's trial, which occurred six months after the appellant's conviction. She also asserts that defense counsel prevented the State from calling Greg Smith as a witness, and speculates concerning his possible testimony. The possibility which is not addressed by the appellant is that Greg Smith's testimony would have severely damaged his mother's case.

As nothing in the record exists to alert the trial judge that a conflict of interest existed, and the appellant has not shown an actual conflict of interest, but merely speculated on the possibilities, we find this assignment of error to be without merit.

The appellant next contends, as her third assignment of error, that the jury was improperly selected. First, she complains that the individual jury ballots were not folded as required by 22 O.S.1981, § 593. Second, she complains that the trial court committed reversible error by excusing two potential jurors for cause.

Concerning the first complaint, the appellant correctly states in her brief that "This error, standing alone, is not sufficient to warrant reversal." The trial court, after a brief hearing, found that the procedure followed in choosing the prospective

jurors was in substantial compliance with the statute. Title 38 O.S.1981, § 29 provides, in part:

A substantial compliance with the provisions of this chapter, shall be sufficient to prevent the setting aside of any verdict rendered by a jury chosen hereunder, unless the irregularity in drawing, and summoning or impaneling the same, resulted in depriving a party litigant of some substantial right; provided, however, that such irregularity must be specifically presented to the court at or before the time the jury is sworn to try the cause.

We have held that the primary purpose of the jury drawing statutes is to insure that jurors would be drawn fairly and impartially so that there could be no suspicion that the jurors had been secretly handpicked. *Stuart v. State*, 522 P.2d 288 (Okl.Cr.1974). As there is no evidence that the appellant was deprived of some substantial right, we find this complaint to be meritless.

■ Concerning the second complaint, the two jurors who were excused had originally been passed for cause, and later, after asking to address the court, each juror indicated a fear of being distracted during the trial by either business or family responsibilities. Each juror was thoroughly questioned by the parties and the trial judge who decided to dismiss the two jurors. An examination of the record reveals that each dismissal had a sufficient basis.

[I]f the trial court is of the opinion that any juror is not fair or impartial or is for any reason unqualified, he may excuse the juror either upon challenge of one of the parties or upon his own motion without challenge. Whether or not a juror should be excused rests in the sound discretion of the trial court, and unless such discretion is abused there is no error.

*Lewis v. State*, 586 P.2d 81, 82 (Okl.Cr. 1978). This assignment of error is without merit.

■ As her fourth assignment of error, the appellant argues that the trial court admitted exhibits which were highly prejudicial and lacked probative value. These exhibits consisted of photographs, and physical evidence obtained at the crime scene. Eight photographs of the deceased were admitted over the objections of defense counsel. Four of these photographs depicted the victim as she was found in the Smith residence, and four depict the wounds inflicted on her body. The introduction of photographs taken of a homicide victim subsequent to the homicide is largely within the discretion of the trial court, and unless this discretion is abused it will not be cause for reversal. *Master v. State*, 702 P.2d 375 (Okl.Cr.1985). As these photographs corroborate the testimony of the witnesses, and were not gruesome, we find that their probative value outweighs the danger of prejudice to the appellant.

■ Concerning the exhibits of which the appellant complains, only two exhibits were admitted over the objection of the appellant. Three others were admitted after defense counsel stated that he had no objection, one exhibit was admitted after defense counsel joined in the motion for admission, and two exhibits were not admitted. Therefore, we will only address the admission of the two exhibits to which defense counsel objected. These two items were the bloodstained dress of the victim, and the sandals she was wearing at the time her body was discovered. Admitting bloodstained clothing is permissible within the discretion of the trial court, "to connect the accused with the crime, to prove the identity of the deceased, to show the nature of the wound, or to throw any relevant light on a material matter at issue." *Brewer v. State*, 414 P.2d 559, 564 (Okl.Cr.1966). Dr. M.F. Merchant, who examined the deceased, testified concerning the location of the wounds. He stated that upon his first inspection of the body, the dress the victim was wearing revealed the presence of multiple bullet holes. (Tr. 688). He then testified to the location of those wounds. As there were numerous wounds, some fatal and some nonfatal, the dress would corroborate the testimony of both Dr. Merchant and Teresa Baker who testified how and

where the wounds were inflicted. We find that the dress was properly admitted. We fail to see how the appellant could be prejudiced by the admission of the sandals the deceased was wearing even if admitting them was error. "Admissibility of evidence is within the court's discretion and will not be reversed on appeal without a showing of severe prejudice or a breach of defendant's fundamental rights." [Citations omitted.] *Ozbun v. State*, 659 P.2d 954, 958 (Okl.Cr.1983).

This assignment of error is without merit.

As a fifth assignment of error, the appellant asserts that the trial court failed to give requested instructions on the lesser included offenses of murder in the second degree and manslaughter in the first degree. The record reveals that the appellant testified that she did not kill Cindy Baillee, but that Teresa Baker fired the shots which killed her. She further testified that she had no intent to aid in the killing, nor did she plan the crime. We have held that "when a defendant, who has a right of election as to several defenses, takes the stand as a witness and makes such admissions as to render every theory of defense unavailable save one, he will be deemed to have elected that one." *Wiley v. State*, 551 P.2d 1146, 1150 (Okl.Cr.1976).

Appellant also claims that the trial court failed to instruct on Assault and Battery with a Deadly Weapon which she claims was warranted by her admission that she stabbed Ms. Baillee once in the throat. The trial judge correctly ruled that Assault and Battery with a Deadly Weapon was not a lesser included offense of murder, and that the facts would not warrant such an instruction. "Every charge of homicide necessarily includes an assault and battery, and when death has resulted the perpetrator can only be convicted of some degree of homicide. No conviction can be had for assault, or assault and battery." *Baysinger v. Territory*, 15 Okl. 386, 82 P. 728 (1905).

This assignment of error is likewise meritless.

The appellant next assigns as error, the trial court's refusal to instruct on the statutory requirement of independent corroboration for accomplice testimony. *See* 22 O.S. 1981, § 742. She claimed that Teresa Baker and Jim Smith were accomplices, that their testimony had to be corroborated, and that she was prejudiced by the refusal of the trial court to instruct upon accomplice testimony.

There is no evidence that Jim Smith participated in the planning or the commission of this offense. Interpreting the evidence in a manner most favorable to the appellant would only make Jim Smith an accessory after the fact, and we have held that the testimony of an accessory need not be corroborated. *Faulkner v. State*, 646 P.2d 1304 (Okl.Cr.1982).

Concerning Teresa Baker's testimony, the State concedes in its reply brief that whether or not she was an accomplice was an issue for the jury to decide upon proper instruction. We agree. However, in light of the entire record, we do not believe the failure to instruct amounts to reversible error as there is clearly sufficient corroboration to satisfy the statutory requirements of 22 O.S.1981, § 742. *See Keller v. State*, 651 P.2d 1339 (Okl.Cr. 1982). Furthermore, because the evidence is overwhelming, and in fact, would be sufficient to convict without Baker's testimony, we find that the appellant was not prejudiced by the failure to instruct. *See Plummer v. State*, 515 P.2d 256 (Okl.Cr. 1973), and *Wade v. State*, 624 P.2d 86 (Okl. Cr.1981). Therefore, this assignment of error is without merit.

The next nine assignments of error involve the sentencing stage of trial.

The appellant argues that the trial court erred in instructing the jury that it could not let sympathy or sentiment enter into their deliberations during the sentencing phase of the trial. We addressed this identical issue in *Brewer v. State*, 650 P.2d 54 (Okl.Cr.1982), *cert. denied*, 459 U.S.

1150, 103 S.Ct. 794, 74 L.Ed.2d 999 (1983), where we held that such an instruction was proper.

■ The appellant also complains that the State provided insufficient notice of the evidence to be used to support the aggravating circumstances. In *Coleman v. State*, 668 P.2d 1126, 1137 (Okl.Cr.1983) we stated that "21 O.S.1981, § 701.10 is designed to give the defendant appropriate notice of the evidence of aggravating circumstance(s)," and in *Jones v. State*, 660 P.2d 634, 639 (Okl.Cr.1983) we stated,

> The statutes do not specify the manner in which a defendant is to be notified of the aggravating circumstances the State intends to prove. They merely provide that '[o]nly such evidence in aggravation as the state has made known to the defendant prior to his trial shall be admissible.' [citation omitted.]

The appellant admits that she had notice of the aggravating circumstance that the murder was especially heinous, atrocious or cruel. She also admits that at the preliminary hearing evidence was presented which would support the aggravating circumstance that she created a great risk of death to more than one person, which is testimony that she pointed the gun at James "Hork" Smith and told him to get back in the bathroom. She complains, however, that the prosecutor also argued during closing argument that shooting a gun in a small house with other persons present supported that aggravating circumstance as well. We must point out that 21 O.S. 1981, § 701.10 addresses itself to what evidence is admissible, and closing argument is not evidence. No objection was made to this remark, nor does the appellant state that she was surprised by any of the evidence admitted to support the two aggravating circumstances. Therefore this assignment of error is meritless.

■ The appellant next contends that she received ineffective assistance of counsel, alleging that trial counsel failed to introduce two mitigating circumstances. The test is "Whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 692–693 (1984). The proper standard as set forth in that case is "reasonably effective assistance." It further speaks of the necessity of a reviewing court indulging "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and that a defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." In the case before us the two circumstances which the appellant complains were not introduced, were brought out during the first stage of trial. The fact that defense counsel did not rehash this evidence during the second stage is not sufficient to make defense counsel's assistance ineffective. This assignment of error is utterly meritless.

■ The appellant complains that the trial court's report incorrectly omitted two mitigating circumstances that were introduced at trial. The relief which she requests is that "the Appellant should be allowed the right to point out these omissions and to have them fully considered on appeal." The report referred to is in the form of a questionnaire which is required by statute (21 O.S.Supp.1985, § 701.13) and which is supplied by this Court. The last statement on the questionnaire reads: "This report was submitted to the defendant's counsel for such comments as he desired to make concerning the factual accuracy of the report ..." and then provides the trial judge three choices to show the response of the defendant's attorney, one of which is that the attorney's comments are attached. On the report of the trial judge in this case, he attached the response of the defense counsel. We find that such a response is sufficient.

■ The appellant next argues that the aggravating circumstance that the murder was especially heinous, atrocious, or cruel is being evaluated in an arbitrary manner. This contention was addressed in *Liles v.*

*State*, 702 P.2d 1025 (Okl.Cr.1985). Furthermore, the death penalty convictions affirmed by this Court in which this aggravating circumstance has been found to be present have consistently passed constitutional challenge. *Cartwright v. State*, 695 P.2d 548 (Okl.Cr.1985), *cert. denied,* —— U.S. ——, 105 S.Ct. 3538, 87 L.Ed.2d 661 (1985), *Nuckols v. State*, 690 P.2d 463 (Okl. Cr.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 2050, 85 L.Ed.2d 323 (1985). *Robison v. State*, 677 P.2d 1080 (Okl.Cr.1984), *cert. denied,* 467 U.S. 1246, 104 S.Ct. 3524, 82 L.Ed.2d 831 (1984); *Davis v. State*, 665 P.2d 1186 (Okl.Cr.1983), *cert. denied,* 464 U.S. 865, 104 S.Ct. 203, 78 L.Ed.2d 177 (1983); *Jones v. State*, 648 P.2d 1251 (Okl. Cr.1982), *cert. denied,* 459 U.S. 1155, 103 S.Ct. 799, 74 L.Ed.2d 1002 (1982). The facts in this case overwhelmingly support this aggravating circumstance. This assignment of error has no merit.

▆ The appellant next asserts that the trial court committed fundamental error by failing to define specifically the elements of "great risk of death to more than one person." We have previously found that the aggravating circumstances listed in 21 O.S. 1981, § 701.12 are specific, and readily understandable. *Chaney v. State*, 612 P.2d 269 (Okl.Cr.1980), *cert. denied,* 450 U.S. 1025, 101 S.Ct. 1731, 68 L.Ed.2d 219 (1981), *rev'd on other grounds, Chaney v. Brown*, 730 F.2d 1334 (10th Cir.1984), *cert. denied,* 469 U.S. 1090, 105 S.Ct. 601, 83 L.Ed.2d 710 (1984). Furthermore, instruction number ten is worded in the statutory language, and we have held that an instruction is sufficient when given in the substantial language of the statutes. *Fish v. State*, 505 P.2d 490 (Okl.Cr.1973). Finding no fundamental error, this assignment of error is meritless.

▆ In her next assignment of error the appellant claims that there was insufficient evidence to prove that she created a great risk of death to more than one person. We disagree. The facts show that during the appellant's continuing course of conduct, three individuals were threatened if they did not cooperate. Even though the appellant's ex-husband, Jim Smith, denied that the appellant pointed the gun at him in a threatening manner, the evidence shows he was told to go back into the bathroom, and not to interfere. Mr. Smith did as he was told. That the appellant would use the weapon on Mr. Smith if he did not, is strongly implied. In *Hays v. State*, 617 P.2d 223 (Okl.Cr.1980), we found that the evidence supported this same aggravating circumstance where, after shooting and killing a store proprietor, Hays left the store and pointed a revolver at some teenagers in a car who had verbally taunted him.

▆ We hold that the evidence is sufficient to support the aggravating circumstance of knowingly creating a great risk of death to more than one person where a defendant during the continuing course of conduct in which a murder is committed, threatens the life of another and has the apparent ability and means of taking that person's life. This assignment of error is without merit.

The appellant also alleges that the death penalty was improperly imposed in her case because the evidence was insufficient to support one aggravating circumstance and because two mitigating circumstances were not presented to the jury during the sentencing stage. As we have already addressed these two assignments of error, we will not address them again.

▆ As her next assignment of error, the appellant complains of allegedly improper remarks by the prosecutor during closing argument in both stages of the trial. Only one of those remarks was properly preserved by a timely objection, so we will address that remark alone. *See Thomson v. State*, 676 P.2d 857 (Okl.Cr.1984). The comment was in the form of a rhetorical question: "Have you seen any remorse here today from the defendant?" and was made during the closing argument in the second stage of trial. Defense counsel objected that the statement was irrelevant and incompetent. A prosecutor in closing argument has a right to discuss the evi-

dence from his standpoint and all inferences and deductions arising therefrom. *Mahorney v. State*, 664 P.2d 1042 (Okl.Cr. 1983). Relevance and competence are evidence rules and therefore not proper objections during closing argument because all rulings upon the relevancy and competency of the evidence have been made prior to the final arguments. The issue is whether a discussion of evidence of lack of remorse is a proper subject for comment by the prosecutor during closing argument in the second stage of a trial. As the second stage of a trial is for the purpose of setting punishment, and in a trial for first degree murder, aggravating and mitigating circumstances are being considered, the state of mind of the defendant is certainly a proper subject to be explored in argument if there is support for the argument in the evidence presented. In this case the appellant testified. The attitude and manner of a defendant who testifies is observable by the trial judge and the jury, and is a part of the evidence. Comment upon this evidence is permissible. This assignment of error is likewise meritless.

Finally, the appellant alleges that the penalty of death was disproportionate to the penalty imposed in similar cases. In addition, we are required to make two determinations relative to the imposition of the death sentence. 21 O.S.Supp.1985, § 701.13(C).

 Concerning whether the sentence of death was imposed under the influence of passion, prejudice, or any other arbitrary factor, we find that considering the overwhelming amount and quality of the evidence against the appellant, the sentence was not imposed under the influence of any arbitrary factor.

 Concerning whether the evidence supports the jury's finding of the two statutory aggravating circumstances, we have previously stated that the "great risk of death to more than one person" was supported by the evidence. We find that the aggravating circumstance of "heinous, atrocious, or cruel" is likewise supported. The victim was first choked, then stabbed in the throat, then taken to a house where she continued to beg for her life while the appellant tormented her with a revolver by shooting it into the chair in which the victim sat, and by alternately pointing it at her head and stomach until the first bullet wounds were inflicted. When the victim fell to the floor, the appellant jumped on her neck until the reloaded pistol was handed back to the appellant who discharged all six rounds into the helpless victim.

The appellant has urged as an assignment of error that the penalty was disproportionate. We are no longer required by statute to make a proportionality review. *See,* 21 O.S.Supp.1985, § 701.13(C). We held in *Foster v. State*, 714 P.2d 1031 (Okl. Cr.1986) that such a review is not necessary under our present statutory scheme, as such an additional review is superfluous. Therefore, this assignment of error is without merit.

The judgment and sentence is AFFIRMED.

BRETT, J., concurs.