**Randall Dean ROSS, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–84–207.**

Court of Criminal Appeals of Oklahoma.

March 27, 1987.

John Thomas Briggs, Pawhuska, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

PARKS, Judge:

The appellant, Randal Dean Ross, was convicted of the Offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor, Second and Subsequent Offense, in the District Court of Payne County, Oklahoma, Case No. CRF-82–530. He was sentenced to imprisonment in the State Penitentiary for eighteen (18) months, and a fine of One Thousand ($1,000) Dollars. We affirm.

The facts in this case reveal that appellant was stopped by Stillwater police in the early morning hours of December 19, 1982, after he was observed driving his car in an erratic manner. After the initial stop, police suspected appellant was intoxicated, arrested him, and transported him to the Stillwater police headquarters. Results of a breathalyzer test administered that morning showed appellant had a blood-alcohol content of .19%.

### I.

In his first assignment of error, the appellant alleges the trial court erred in failing to sustain a defense motion to quash the jury panel. Appellant asserts the individual juror ballots used in jury selection were not folded, as required by 22 O.S. 1981, § 593. We disagree.

Title 22 O.S.1981, § 593 does require that individual juror ballots "be folded as nearly alike as possible, ... so that the same cannot be seen." However, we recently held that violation of this statute, standing alone, provides an insufficient basis for reversal of a conviction; instead, the appellant must demonstrate a violation of the statute, and prejudice as a result thereof. *Smith v. State*, 727 P.2d 1366, 1369–70

(Okl.Cr.1985). *See also* 20 O.S.1981, § 3001.1.

■ In this case, the appellant had adequately shown that the individual juror ballots were not folded, as required by the statute. However, appellant has wholly failed to establish prejudice. Neither in this court or in the court below has the appellant raised even a scintilla of evidence demonstrating prejudice. In fact, the trial judge specifically found that all the juror ballots, except one, were used during the jury selection process. It would stretch the imagination to argue, in this case, that the jurors were handpicked, the evil this statute was designed to prevent. *Smith v. State*, 727 P.2d at 1370. Although this assignment of error is without merit, we note "our inability to discern why the trial court deviated in any way from the statutory method for selecting the jury panel, and we reiterate that the better practice is for the trial courts to follow the provisions of the statutes." *Owens v. State*, 665 P.2d 832, 834 (Okl.Cr.1983).

## II.

Next, appellant claims the trial court erred in refusing his motion for a mistrial following the prosecutor's attempt to define the term "reasonable doubt" during jury selection. Under the facts of this case, we are compelled to disagree.

■ The record reveals that after the improper comment was made, defense counsel objected, the objection was sustained, and the jury panel was throughly admonished regarding the impropriety of the prosecutor's remark. The challenged remark was made early in the jury selection process, and was not repeated. We believe counsel's timely objection and the trial judge's admonishment cured any potential error in this regard. *See Byrne v. State*, 620 P.2d 1328 (Okl.Cr.1980). This assignment of error is without merit.

## III.

■ Appellant next claims the trial court erred in allowing the jury to reconsider its verdict on punishment, after it returned

with a verdict improper under the law. However, the appellant offers no authority supporting this claim, and we have long held that assignments of error unsupported by relevant authority will not be considered by this court. *See Brannon v. State*, 670 P.2d 601 (Okl.Cr.1983).

## IV.

■ Finally, the appellant claims the prosecutor committed reversible error in the manner in which he argued the State's case to the jury. We note that at no time did defense counsel offer objections to any of the challenged arguments. This error has not properly been preserved for review, as we are unable to conclude that the "combined effect was so prejudicial as to adversely affect the fundamental fairness and impartiality of the proceedings and mandate a new trial." *Cobbs v. State*, 629 P.2d 368, 369 (Okl.Cr.1981). *See also Freeman v. State*, 681 P.2d 84 (Okl.Cr.1984). Furthermore, the comments made by the prosecutor were not so improper as to require modification of the sentence imposed.

The judgment and sentence of the District Court should be, and the same hereby is, AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.