**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 1 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SEBRIN CHATMAN,

Petitioner-Appellant,

v.

JAMES SAFFLE; THE OKLAHOMA
DEPARTMENT OF CORRECTIONS;
THE STATE OF OKLAHOMA,

Respondents-Appellees.

No. 00-7042
(D.C. No. 99-CV-111-P)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **PORFILIO** , and **BALDOCK** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner, appearing *pro se*, asks this court to grant him a certificate of appealability, so that he can appeal the district court's denial of his petition for writ of habeas corpus, which he filed pursuant to 28 U.S.C. § 2254. We will issue a certificate of appealability only if petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)(1). Where, as here, the district court rejected the constitutional claims on the merits, "petitioner must demonstrate that reasonable jurists would find [it's] assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because we find the district court's assessment of petitioner's claims neither debatable nor wrong, we deny his application for a certificate of appealability and DISMISS the appeal. [1]

Entered for the Court

---

[1] Although he does make passing mention of the claims he argued before the district court (sufficiency of the evidence and ineffective assistance of both trial and appellate counsel), petitioner's only substantive argument on appeal relates to the trial court's refusal to instruct the jury on the crime of Assault and Battery With a Dangerous Weapon. He did not raise this argument in his habeas petition before the district court, and the district court declined to address the issue when petitioner raised it in his supplemental request for rehearing. Consequently, the issue would not be considered on appeal. *See Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992). We note, however, as did the Oklahoma Court of Criminal Appeals when petitioner raised this issue on direct appeal, that Assault and Battery With a Dangerous Weapon is not a lesser included offense of First Degree Murder, and the record shows that the jury was instructed on lesser included offenses. *See Smith v. State*, 727 P.2d 1366, 1371 (Okla. Crim. App. 1986). Contrary to petitioner's assertion, *Smith* does not conflict with *Jackson v. State*, 964 P.2d 875 (Okla. Crim. App. 1998).

-2-

Wade Brorby
Circuit Judge