2011 OK CR 10

**Brian Hayden HARNEY, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–2009–908.

Court of Criminal Appeals of Oklahoma.

Feb. 15, 2011.

Linda M. Branstetter, Nowata, OK, for appellant at trial.

Virgil L. Smith, Assistant District Attorney, Nowata, OK, for the State at trial.

James L. Hankins, Ogle Law Firm, P.L.L.C., Oklahoma City, OK, for appellant on appeal.

W.A. Drew Edmondson, Attorney General of Oklahoma, Jennifer J. Dickson, Assistant Attorney General, Oklahoma City, OK, for the State on appeal.

*SUMMARY OPINION*

LUMPKIN, Judge.

¶ 1 Appellant, Brian Hayden Harney, was tried by jury and convicted of Driving a Motor Vehicle While Under the Influence of Alcohol, a felony, (47 O.S.Supp.2006, § 11–902(A)(2)) in the District Court of Nowata County, Case Number CF–2008–85 and Driving With License Revoked (47 O.S.Supp.2007, § 6–303) in the District Court of Nowata County, Case Number CM–2008–199. The jury recommended as punishment imprisonment for five (5) years and a fine in the amount of $2,500.00 for the offense of Driving a Motor Vehicle While Under the Influence of Alcohol and incarceration for one (1) year and a fine in the amount of $500.00 for the offense of Driving With License Revoked. The trial court sentenced accordingly and ordered the two sentences to run concurrently. The trial court further ordered Appellant's sentence for Driving a Motor Vehicle While Under the Influence of Alcohol to run concurrent with his Tulsa County conviction at the sentencing hearing, however, the amended judgment and sentence does not give the Tulsa County case number. This is an issue which must be presented to the trial court for resolution. It is from these judgments and sentences that Appellant appeals.

¶ 2 Appellant raises the following propositions of error in this appeal:

I. The Trial Court Committed Reversible Error In Failing To Instruct The Jury On The Lesser Included Offense Of Driving While Impaired.

II. The Introduction Of Harney's "Driving Index" Which Detailed His Entire Driving Record Was Unfairly Prejudicial And Violated his Rights To A Fundamentally Fair Trial Under The Oklahoma Constitution Article II, Section 7, And The Fourteenth Amendment To The United States Constitution.

III. The Trial Court Committed Reversible Error When It Refused To Instruct The Jury On The Full Range of Punishment For Felony DUI.

IV. Reversible Prosecutorial Misconduct Occurred When The Prosecutor Asked

Harney Directly What He Was Sentenced To On His Prior DUI And If Other Witnesses Lied During Their Testimony.

V. The Accumulation of Errors At Trial Resulted In A Fundamentally Unfair Adjudicatory Proceeding In Violation Of The Rights of Harney Under The Fourteenth Amendment To The United States Constitution And Article II, Section 7 Of The Oklahoma Constitution.

¶ 3 After a thorough consideration of these propositions and the entire record before us on appeal including the original records, transcripts, and briefs of the parties, we have determined the case should be remanded for resentencing.

### FACTS

¶ 4 On August 22, 2008, Appellant was involved in a single vehicle rollover accident on Centralia Road in Nowata County, Oklahoma. Loretta Culp and her husband, Don Culp, discovered that Appellant's vehicle had run off of the roadway and into a field at a curve in the road. The vehicle had rolled over, landed on its wheels and rolled back up to the roadway. It was nose first into a ditch near the roadway. When the Culps discovered the vehicle, it was still running with its headlights on. Smoke was pouring out of the vehicle. Ms. Culp noticed an individual sitting-up out in the field. The Culps contacted emergency officials and a nearby friend, Tony Morris.

¶ 5 Tony Morris and Undersheriff Douglas Sonenberg discovered Appellant in the field. Appellant was bleeding and in pain. It was apparent that he had been thrown from his truck. Appellant resided nearby and both Sonenberg and Morris knew him. Both believed that Appellant had been drinking. Appellant's speech was slurred. Morris and Sonenberg observed debris thrown from the truck in the field. Within the debris officers found a beer carton and nine empty beer cans. Morris heard Appellant admit to the emergency medical worker that he had consumed alcohol earlier in the day.

¶ 6 Trooper Samuel Stose investigated the accident on behalf of the Oklahoma Highway Patrol. Stose travelled to the hospital emergency room where Appellant received medical treatment. Upon entry into the big open room, Stose observed the odor of an alcoholic beverage. Stose contacted Appellant and noticed that he had red, watery, bloodshot eyes. Stose noted the odor of an alcoholic beverage coming from Appellant's person. He asked Appellant: "Well how much have you had to drink tonight?" Appellant responded: "Three or four, or four or five beers." Based upon his observations, training and experience, Stose believed that Appellant was under the influence of alcohol and placed him under arrest. Stose read the State's implied consent test request to Appellant and he refused to take the State's blood test. Trooper Stose determined that Appellant's driver's license had been revoked.

¶ 7 Officers remained at the accident scene for a couple of hours after the accident. At no point in time, did anyone observe any other individual at or near the scene of the accident. None of the debris observed in the field could be associated with a woman's purse. Appellant never informed any of the witnesses at the scene that anyone else had been present in the truck. Morris heard Appellant inform the emergency workers: "If you can get me back to my pickup, I can go home." Appellant specifically acknowledged to Trooper Stose that he was the driver of the vehicle. Appellant further stated that "he had left a friend's house a couple of miles away from the accident ... ran off of the road and crashed, and he didn't know why he crashed."

¶ 8 Appellant testified in his own defense. He specifically testified he was neither under the influence of alcohol nor impaired by alcohol at the time of accident. He further testified that he was a passenger in the truck when the accident occurred. Appellant testified that he had 3 beers over a three hour period while doing yard work that day. He went to dinner with Cassie Jacobs[1] approximately three hours before the accident and drank 2 beers. Appellant let Cassie Jacobs

---

1. The record reflects that defense counsel was unable to locate Cassie Jacobs at the time of trial.

Appellant elected to proceed to trial without her testimony.

drive his son's truck on the night in question because his license was revoked. Jacobs wrecked the truck. After the accident, Jacobs left Appellant in the field. She returned a short time later screaming that she could not find her car keys and purse because they were strewn across the field in the accident. Appellant described that Jacobs turned the pickup truck around and shown its headlights into the field. Jacobs found her keys and left Appellant in the field. Before she left, Appellant asked her to come back and get him once she had retrieved her car. Under cross examination, Appellant admitted that he had told one of the emergency workers at the accident scene that he was by himself.

### ANALYSIS

¶ 9 In his first proposition, Appellant contends that the trial court should have instructed the jury regarding the lesser included offenses of Driving While Impaired and Actual Physical Control.[2] Appellant requested the instructions at the jury instruction conference. This properly preserved the alleged error for appellate review. *Rutan v. State*, 2009 OK CR 3, ¶ 78, 202 P.3d 839, 855; *McHam v. State*, 2005 OK CR 28, ¶ 20, 126 P.3d 662, 669–70; *Turrentine v. State*, 1998 OK CR 33, ¶ 66, 965 P.2d 955, 975.

¶ 10 The determination of which instructions shall be given to the jury is a matter within the discretion of the trial court. Absent an abuse of that discretion, this Court will not interfere with the trial court's judgment if the instructions as a whole, accurately state the applicable law. *Cipriano v. State*, 2001 OK CR 25, ¶ 14, 32 P.3d 869, 873; *Patton v. State*, 1998 OK CR 66, ¶ 49, 973 P.2d 270, 288.

¶ 11 Appellant's defense at trial was complete innocence. Appellant testified that he was neither the driver of the vehicle nor impaired by alcohol. This Court has long recognized the rule of law that a defendant is not entitled to instructions on any lesser included offense when he defends against the charge by proclaiming his innocence. *Gilson v. State*, 2000 OK CR 14, ¶ 119, 8 P.3d 883, 918; *Snow v. State*, 1994 OK CR 39, ¶ 19, 876 P.2d 291, 297; *Hooker v. State*, 1994 OK CR 75, ¶ 32, 887 P.2d 1351, 1361; *Smith v. State*, 1986 OK CR 158, ¶ 17, 727 P.2d 1366, 1371; *Wiley v. State*, 1976 OK CR 146, ¶ 13, 551 P.2d 1146, 1150; *Harrison v. State*, 1969 OK CR 263, ¶¶ 5–6, 461 P.2d 1007, 1010; *Newby v. State*, 17 Okla.Crim. 291, 188 P. 124, 129 (1920); *Sayers v. State*, 10 Okla.Crim. 233, 135 P. 1073, 1078 (1913).

¶ 12 In *Owens v. State*, 2010 OK CR 1, ¶ 11, 229 P.3d 1261, 1266, this Court determined that the trial court erred when it failed to instruct the jury on the lesser included offense of second degree robbery despite the defendant's defense of alibi. This Court in Owens did not overrule the rule of law that a defendant is not entitled to instructions on any lesser included offense when he defends against the charge by proclaiming his innocence. *Id.* Instead, this Court adopted a new definition of the term "serious bodily injury"[3] and, utilizing this definition, determined that the evidence at trial was insufficient to support the charged offense of first degree robbery. *Id.*, 2010 OK CR 1, ¶¶ 8–11, 229 P.3d at 1264–66. Because of this determination, the Court was compelled to find that the trial court had a duty to instruct upon the lesser included offense of second degree robbery regardless of the parties' requests, theories of prosecution or theories of defense. *Burks v. United States*, 437 U.S. 1, 16, 98 S.Ct. 2141, 2150, 57 L.Ed.2d 1 (1978) (appellate reversal for insufficiency of the evidence "means the government's case was so lacking that it should not have even been submitted to the jury.").

¶ 13 The present case is distinguishable from *Owens*. We are not presented with the circumstances of distinguishing between the

---

**2.** The offense of Actual Physical Control is not a lesser included offense of Driving a Motor Vehicle While Under the Influence of Alcohol. Both offenses arise from the same statute and carry the exact same punishment. 47 O.S.Supp.2006, § 11–902.

**3.** However, the Court in *Owens* failed to include, as it should have, each of the examples defining "serious bodily injury" set out in 10A O.S.Supp. 2009, § 1–1–105(31) and 27A O.S.2001, § 2–6–202 into the definition that was to be applied.

offenses of first degree robbery and second degree robbery by and through the definition of serious bodily injury. *Owens,* 2010 OK CR 1, ¶¶ 8–11, 229 P.3d at 1264–66. Nor are we presented with the circumstance that the evidence is insufficient to support the charged offense but is sufficient to support a conviction for a lesser included offense. *Id.* Taking the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the offense of driving a motor vehicle while under the influence of alcohol beyond a reasonable doubt in the present case. *Easlick v. State,* 2004 OK CR 21, ¶ 15, 90 P.3d 556, 559; *Spuehler v. State,* 1985 OK CR 132, ¶ 7, 709 P.2d 202, 203–204.

¶ 14 As Appellant took the stand as a witness, claimed that he was innocent of any crime and did not claim that he committed a lesser offense, he was not entitled to instructions on any lesser included offense. *Gilson,* 2000 OK CR 14, ¶ 119, 8 P.3d at 918; *Snow,* 1994 OK CR 39, ¶ 19, 876 P.2d at 297; *Hooker,* 1994 OK CR 75, ¶ 32, 887 P.2d at 1361. We find that the trial court did not abuse its discretion when it refused to instruct the jury regarding the alleged lesser included offenses.

■ ¶ 15 In his second proposition of error, Appellant contends that the trial court improperly admitted evidence of his other alcohol related offenses, license suspensions, and traffic offenses as reflected in Appellant's Department of Public Safety Driving Index. Appellant properly preserved appellate review of the alleged error by timely objecting to the admission of the Driving Index at trial. *Simpson v. State,* 1994 OK CR 40, ¶ 2, 876 P.2d 690, 692.

¶ 16 The issue is not whether Appellant's Driving Index was admissible but whether the State should have been required to redact any irrelevant and unfairly prejudicial information from the Index. A certified copy of a defendant's driving record establishes the essential element of license suspension or revocation. *Riddle v. State,* 1976 OK CR 279, ¶ 7, 556 P.2d 628, 629–30. However, Appellant's Driving Index reflected his commission of numerous other alcohol/motor vehicle offenses, license revocations and suspensions, a conviction for driving while under suspension, and common traffic offenses. Several of the instances were more than ten years old.

■ ¶ 17 The basic law is well established-when one is put on trial, one is to be convicted-if at all-by evidence which shows one guilty of the offense charged; and proof that one is guilty of other offenses not connected with that for which one is on trial must be excluded. *Lott v. State,* 2004 OK CR 27, ¶¶ 40–41, 98 P.3d 318, 334–335, *citing Burks v. State,* 1979 OK CR 10, ¶ 2, 594 P.2d 771, 772, *overruled in part on other grounds, Jones v. State,* 1989 OK CR 7, 772 P.2d 922. In the present case, the trial court abused its discretion in the admission of those portions of the Driving Index which reflected other crimes and bad acts as they did not meet any of the recognized exceptions to the admission of other crimes evidence. *Id.; Williams v. State,* 2001 OK CR 9, ¶ 94, 22 P.3d 702, 724.

■ ¶ 18 However, we find that the admission of the other crimes evidence found in Appellant's Driving Index did not influence the jury's determination of Appellant's guilt. *Sattayarak v. State,* 1994 OK CR 64, ¶ 12, 887 P.2d 1326, 1332; 20 O.S.2001, § 3001.1. Based upon the evidence presented at trial, this error was harmless beyond a reasonable doubt. *Stouffer v. State,* 2006 OK CR 46, ¶ 67, 147 P.3d 245, 264; *Malicoat v. State,* 2000 OK CR 1, ¶ 38, 992 P.2d 383, 403.

■ ¶ 19 Conversely, we cannot find that the error was harmless as to the jury's determination of sentence. The jury recommended the maximum possible punishment for both offenses. Therefore, we find that the case should be remanded to the trial court for resentencing. *See* 22 O.S.2001, § 929.

■ ¶ 20 In his third proposition of error, Appellant contends that the trial court erred when it failed to instruct the jury on the full range of punishment for the offense of felony driving a motor vehicle while under the influence of alcohol. Appellant preserved this error for appellate review by requesting that the trial court instruct the jury regarding the treatment options set forth in 47 O.S.Supp.

2006, § 11–902(C)(2). *Rutan*, 2009 OK CR 3, ¶ 78, 202 P.3d at 855.

¶ 21 We find the trial court abused its discretion in this case by refusing to instruct the jury as to all punishment options listed under § 11–902(C)(2). *Cf.*, *Hicks v. State*, 2003 OK CR 10, ¶¶ 4–5, 70 P.3d 882, 883. While the in-patient treatment option set forth in § 11–902(C)(2)(a) is a rehabilitative type punishment not usually within the realm of a jury's sentencing powers, the plain language of the statute, and the absence of any limiting language, makes that sentencing option available to either a judge or jury. *Id.*

¶ 22 It is impossible to determine what a jury in this case would have done under a proper instruction setting forth all punishment options. Therefore, we find the case should be remanded to the trial court for resentencing with instructions to instruct the jury, if a jury trial is requested, as to all punishment options listed under § 11–902(C)(2).

¶ 23 In his fourth proposition of error, Appellant contends that prosecutorial misconduct deprived him of a fundamentally fair trial. Appellant failed to raise a timely objection to the alleged instances of misconduct. Thus he has waived appellate review of the claim for all but plain error. *Romano v. State*, 1995 OK CR 74, ¶ 54, 909 P.2d 92, 115.

¶ 24 Appellant contends that the prosecutor impermissibly introduced evidence and argument regarding the length of the sentence upon which he was currently incarcerated. This Court finds error where evidence concerning the actual length of time served for a prior conviction is introduced. *Martin v. State*, 1983 OK CR 168, ¶¶ 20–22, 674 P.2d 37, 41–42. Such evidence constitutes an unmistakable reference to the pardon and parole system. *Id.* This prohibition includes documents introduced to prove prior convictions indicating that a defendant was up on the current charges before the expiration of the sentence in the previous cases. *Cooper v. State*, 1991 OK CR 26, ¶¶ 15–16, 806 P.2d 1136, 1139. Again the rationale is that the jury would assume that the defendant was on parole or probation. *Id.* Therefore, we review:

> Whether in light of the totality of the closing argument the prosecuting attorney makes such an unmistakable reference to the pardon and parole system of Oklahoma to result in prejudice to defendant.

*Darks v. State*, 1998 OK CR 15, ¶ 59, 954 P.2d 152, 167 *quoting Richardson v. State*, 1979 OK CR 100, ¶ 19, 600 P.2d 361, 367.

¶ 25 We find that the evidence and argument did not make an unmistakable reference to pardon or parole in the present case. The prosecutor properly impeached Appellant's credibility with the fact that he had been convicted of a felony in April 2008. *Dodd v. State*, 2004 OK CR 31, ¶ 69, 100 P.3d 1017, 1039; 12 O.S.2001, § 2609. The prosecutor's presentation and argument that the length of Appellant's current sentence indicated his motive or bias as a witness falls within the wide latitude of permissible argument in closing argument. *Short v. State*, 1999 OK CR 15, ¶ 72, 980 P.2d 1081, 1104; *Livingston v. State*, 1995 OK CR 68, ¶ 15, 907 P.2d 1088, 1092–93.

¶ 26 Appellant further contends that the prosecutor impermissibly forced him during cross examination, to comment upon the veracity of two of the State's witnesses. Although this form of impeachment is not desirable, it does not constitute error. *Stemple v. State*, 2000 OK CR 4, ¶ 48, 994 P.2d 61, 71; *Ross v. State*, 1978 OK CR 136, ¶ 7, 588 P.2d 1269, 1270.

¶ 27 Reviewing the entire record, the cumulative effect of the prosecutor's questions, and comments did not deprive Appellant of a fair trial. *Warner v. State*, 2006 OK CR 40, ¶ 197, 144 P.3d 838, 891. As Appellant was not prejudiced, plain error did not occur. *Romano*, 1995 OK CR 74, ¶ 54, 909 P.2d at 115.

¶ 28 Appellant asserts that his counsel rendered ineffective assistance by failing to preserve appellate review of the alleged instances of prosecutorial misconduct. "Any misconduct that might have occurred did not affect the outcome of this case, so there can be no ineffective assistance of counsel."

*Glossip v. State,* 2007 OK CR 12, ¶ 113, 157 P.3d 143, 161.

■ ¶ 29 In his final proposition of error, Appellant asserts that the accumulation of error in his case requires relief. When there have been numerous irregularities during the course of a trial that tend to prejudice the rights of the defendant, reversal will be required if the cumulative effect of all the errors is to deny the defendant a fair trial. *Bechtel v. State,* 1987 OK CR 126, ¶ 12, 738 P.2d 559, 561.

¶ 30 We have found error in propositions two and three. In viewing the cumulative effect of these errors we do not find that they require reversal of Appellant's convictions as none were so egregious or numerous as to have denied Appellant a fair determination of his guilt. *Williams v. State,* 2001 OK CR 9, ¶ 127, 22 P.3d 702, 732. However, we find that based upon the error found in propositions two and three that this matter should be remanded to the trial court for resentencing.

## DECISION

¶ 31 The Judgments are **AFFIRMED,** and the case is **REMANDED TO THE DISTRICT COURT FOR RESENTENCING CONSISTENT WITH THIS OPINION.** Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App. (2010), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

A. JOHNSON, P.J. and LEWIS, V.P.J.: concur.

C. JOHNSON, J. and SMITH, J. concur in results.