Tommy Lee SPEARS, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–89–1056.

Court of Criminal Appeals of Oklahoma.

Jan. 30, 1991.

W. Creekmore Wallace, II, Sapulpa, for appellant.

Robert H. Henry, Atty. Gen. and A. Diane Hammons, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

LANE, Presiding Judge:

Tommy Lee Spears, Appellant, was tried by jury and convicted of two counts each of the crimes of Oral Sodomy (21 O.S.1981, § 886) and Lewd Molestation (21 O.S.1981, § 1123) in Creek County District Court, Case No. CRF–87–285. The trial court sentenced Appellant to thirty (30) years imprisonment in accord with the jury verdict. The appellant raises four propositions, however as one requires reversal, we will address it only. The appellant argues that hearsay statements made by the victim and introduced by social worker Jean Edwards were inadmissible due to the failure of the state to follow the notice requirement of 12 O.S.Supp.1986, § 2803.1(B). Notwithstanding the fact that the child victim herself testified and the hearsay testimony was largely cumulative, we agree that the lack of statutory notice requires reversal and remand for new trial.

Ten year old T.M.S. testified at trial that twice after her grandmother went to work on the night shift at a nursing home the appellant, who was her grandmother's husband, awakened her, took her into his bedroom, took off her nightgown and panties, fondled her genitals and put his penis in her mouth. The two incidents took place about a week apart and differed only in the order in which the appellant performed the sexual acts. T.M.S. also testified that the appellant threatened to ground her and whip her if she told anyone. She reported these incidents to social worker Jean Edwards.

Edwards testified without defense objection to the acts which T.M.S. told her the appellant committed. Her testimony regarding the acts was virtually identical to that of T.M.S. Defense counsel objected on the grounds of hearsay at the point Edwards testified that T.M.S. said the appellant told her he would ground her and whip her. The objection was overruled and Edwards continued to testify regarding the sexual acts T.M.S. had told her about, and about which T.M.S. had testified. Edwards also testified that T.M.S. stated that the appellant hurt her when he attempted vaginal intercourse with her. At no time during trial did the appellant object to Edwards' testimony on the grounds raised on appeal, that the state failed to provide the defendant with statutory notice of the hearsay statements of T.M.S. which would be introduced through Edwards' testimony.

Our review is limited to the question whether the lack of actual notice as required by 12 O.S.Supp.1986, § 2803.1(B) is fundamental error, for the appellant's failure to object waives all error which is not fundamental. *J.J.J. v. State*, 782 P.2d 944 (Okl.Cr.1989); *Plunkett v. State*, 719 P.2d 834 (Okl.Cr.1986). Fundamental error is that which goes to the foundation of the case or which takes from the defendant a right essential to his defense. *West v. State*, 764 P.2d 528 (Okl.Cr.1988); *Tucker v. State*, 675 P.2d 459 (Okl.Cr.1984).

When the Oklahoma Legislature provided for the admissibility of statements made by a child twelve years of age or younger describing acts of physical abuse or sexual contact in 12 O.S.Supp.1986, § 2803.1, it provided three safeguards for defendants against whom these statements would be offered. The trial court must conduct a hearing outside the presence of the jury that the time, content and circumstances of the statement provide sufficient indicia of reliability, Section 2803.1(A)(1), there must be corroborative evidence of the act if the child is unavailable as a witness, Section 2803.1(A)(2); and the statement may not be admitted unless the proponent of the statement makes known to the adverse party his intention to offer the statement and the particulars of the statement at least ten days in advance of the proceedings, Section

2803.1(B). Clearing all doubt as to why it granted the defendant the right of notice, the legislature states plainly in this section that notice is to provide the defendant an opportunity to prepare to answer the hearsay statements. *See also Matter of W.D.,* 709 P.2d 1037 (Okl.1985). This right to prepare to answer the statements is essential to the defense. Absent notice a defendant is tried by ambush, a result plainly abhorrent to our system of criminal justice.

The State claims that reversal for lack of actual notice is not required because the appellant had constructive notice of Edward's testimony. The State relies on *Matter of W.D., Id.* in which the Oklahoma Supreme Court found that where a defendant has constructive notice of the hearsay testimony, lack of statutory notice is not prejudicial and therefore does not require reversal. In that case the defendant had in his possession a document which contained both the child's statements regarding the alleged sexual acts, and notice that the child would testify. At trial the defendant himself introduced into evidence the document containing all the child's statements. Under these facts the Court found he had constructive notice of the statements and the lack of statutory notice was harmless. *Id.*

In the case before us the appellant had neither actual nor constructive notice that Edwards would introduce statements of the child victim. The State argues that reversal is not required because Edwards' testimony was largely cumulative to the testimony of T.M.S. Edwards' testimony went beyond that of T.M.S. in describing the act of attempted vaginal intercourse. However, our decision is based on basic statutory construction. By its plain language Section 2803.1(B) provides that "a statement may not be admitted under this section unless" notice is given. The legislature left no ambiguity here which would allow us to find that the notice requirement did not apply to cases in which the child victim testifies. Notice was not given in this case and the appellant did not have constructive notice. Admission of Edwards' testimony regarding statements made by T.M.S. therefore amounts to fun-damental error requiring reversal and remand for new trial.

PARKS, P.J., and BRETT and JOHNSON, JJ., concur.

LUMPKIN, V.P.J., dissents.

LUMPKIN, Vice Presiding Judge, dissenting:

I must respectfully dissent to the court's decision in this case. The court states "[i]n the case before us the appellant had neither actual nor constructive notice that Edwards would introduce statements of the child victim". In fact, a review of the transcript of preliminary hearing reveals the defense was on constructive notice as has been previously approved in *Matter of W.D.,* 709 P.2d 1037 (Okl.1985). The transcript included the child's testimony of what had happened. There was also testimony by Cynthia Sullivan, who relayed what had happened to the child. The child told Ms. Sullivan, who then told Ms. Edwards. The testimony given is not substantially different or lacking in any part as compared to the testimony by Ms. Edwards at trial.

The defense was on notice as a result of the preliminary hearing testimony. In addition, the defense was put on notice that Ms. Edwards would testify. Under the *Matter of W.D.,* 709 P.2d at 1043, having actual possession of the content of the statements through the preliminary hearing testimony, Appellant clearly was not prejudiced by the alleged failure of the State to provide the statutory notice, which in this case would have been redundant. This is analogous to our treatment of the notice requirements pursuant to *Burks v. State,* 594 P.2d 771 (Okl.Cr.1979), regarding evidence of other crimes. *See Drew v. State,* 771 P.2d 224, 229 (Okl.Cr.1989). In this case the element of surprise is not present and the purpose behind the notice requirement is not served. The preliminary hearing evidence put Appellant on constructive notice that Edward's testimony would be introduced at trial. *See also*

**684**

*Pickens v. State,* 751 P.2d 742, 743 (Okl.Cr. 1988).

I must therefore dissent.