**Christine SLUSHER, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–87–915.

Court of Criminal Appeals of Oklahoma.

July 23, 1991.

Allen Smith, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Diane L. Slayton, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

JOHNSON, Judge:

Christine Slusher, the Appellant, was tried by jury for the crime of Manslaughter in the First Degree in violation of 21 O.S. 1981, § 711(1), in Case No. CRF–84–119–M in the District Court of Cleveland County before the Honorable Alan J. Couch. The jury returned a verdict of guilty and set punishment at ten (10) years imprisonment. The trial judge sentenced accordingly, and a timely appeal has been perfected to this Court. We reverse the conviction herein and remand the case for a new trial.

In her second assignment of error, Appellant asserts that, although not requested, the trial court erred when it failed to give the definitional instruction on "under the influence." We agree. In this case, Appellant was charged with and convicted of causing the death of Michael Silver, while in the commission of, and as a direct result of driving under the influence of intoxicating liquor, thus constituting misdemeanor-manslaughter. Here, the underlying misdemeanor perpetrated by Appellant is the offense of driving under the influence.

The State has cited *Bernhardt v. State*, 719 P.2d 832 (Okl.Cr.1986), in support of its position that the failure of the court to define "under the influence" was not re-

versible error due to the fact that Appellant did not request the instruction. The State points out that the Court in *Bernhardt* cited *Williams v. State*, 97 Okl.Cr. 229, 263 P.2d 527 (1953), which held "... the better practice is to define the term 'under the influence', although failure to define the term does not constitute error in the absence of a requested instruction from defense counsel."

It is true that the Court cited *Williams*, but it did so in its analysis of all of the previous cases addressing this issue. However, after said analysis, this Court concluded:

"... [t]hat instructions defining the terms 'under the influence' and 'with impaired ability' must always be given." *Bernhardt, supra*, at 833.

The Court set out in its opinion its rationale in support of its conclusion, saying:

"The rational behind this rule is simple: The terms, particularly the term 'under the influence,' are not of common understanding or knowledge.[1] As this Court explained in *Luellen* [v. State, 64 Okl.Cr. 382, 81 P.2d 323 (1983)], the legal standard, 'under the influence' is the very gist of the crime. Without it being defined one juror may construe it to mean that a party must be 'drunk', another that he be 'completely out' and devoid of reason, another may construe it to mean that if it is proven that he has taken one drink that he is therefore 'under the influence' of intoxicating liquor." *Bernhardt, supra*, at 833.

Quoting from *Phenis v. State*, 76 Okl.Cr. 156, 135 P.2d 62, 65 (1943), the Court further explained:

"There is a great divergence of opinion among jurors as to what facts it takes to constitute one being under the influence of intoxicating liquor. If it is necessary to define the term 'murder' when one is charged therewith, certainly it should be necessary to define what is meant by the term 'under the influence of intoxicating liquor', when one is so charged."

1. See Oklahoma Uniform Jury Instructions—Criminal, No. 622, which sets out the legal definition of "under the influence" under Oklahoma law.

We note that the court did not specifically overrule *Williams* and that such oversight may have led to the State's position that *Williams* is still the law. Lest there be any misunderstanding, today this Court specifically overrules *Williams* and all other cases, insofar as they are inconsistent with this ruling. This Court holds unequivocally that the terms, "under the influence" and "with impaired ability", when such constitute an element of an offense, must always be defined in the instructions, whether requested or not, and the failure to so define is fundamental error which will result in reversible error.

Accordingly, for the foregoing reasons, the Judgment and Sentence of the trial court is REVERSED and REMANDED for a new trial.

LANE, P.J., LUMPKIN, V.P.J., and BRETT and PARKS, JJ., concur.

