2010 OK CR 21

**Ricardo Enrique FLOREZ, Appellant**

v.

**STATE of Oklahoma, Appellee.**

No. F–2009–765.

Court of Criminal Appeals of Oklahoma.

Sept. 8, 2010.

Steven L. Stice, Norman, OK, attorney for defendant at trial.

Jennifer P. Austin, Lori A. Puckett, Assistant District Attorneys, District Attorney's Office, Norman, OK, attorney for State at trial.

Ricki J. Walterscheid, Appellate Defense Counsel, Norman, OK, Attorney for Petitioner on appeal.

W.A. Drew Edmondson, Attorney General of Oklahoma, Donald D. Self, Assistant Attorney General, Oklahoma City, OK, Attorneys for Respondent on appeal.

*OPINION*

A. JOHNSON, Vice Presiding Judge.

¶ 1 Ricardo Enrique Florez was tried by jury and convicted of Assault and Battery By Force Likely to Produce Death in violation of 21 O.S.Supp.2007, § 652(C) in the District Court of Cleveland County, Case No. CF–2009–38. In accordance with the jury's recommendation the Honorable Tom A. Lucas sentenced Florez to eight (8) years imprisonment.[1] Florez appeals from this conviction and sentence.

¶ 2 Florez raises one proposition of error in support of his appeal:

I. Improper argument during the State's final closing argument as to the amount of any imposed sentence Flo-

rez would serve requires that his sentence be modified.

¶ 3 After thorough consideration of the entire record before us on appeal, including the original record, transcripts, exhibits and briefs, we find that, under the circumstances of this case, a serious error in argument does not require relief.

¶ 4 Florez's crime is subject to the 85% Rule, 21 O.S.Supp.2007, § 13.1. The jury was correctly instructed under OUJI–CR 2d 10–13B:

A person convicted of Assault and Battery with Force Likely to Produce Death shall be required to serve not less than eighty-five percent (85%) of the sentence imposed before becoming eligible for consideration for parole and shall not be eligible for any credits that will reduce the length of imprisonment to less than eighty-five percent (85%) of the sentence imposed. If a person is sentenced to life imprisonment, the calculation of eligibility for parole is based upon a term of forty-five (45) years, so that a person would be eligible for consideration for parole after thirty eight (38) years and three (3) months.

This instruction is required under *Anderson v. State,* 2006 OK CR 6, ¶ 24, 130 P.3d 273, 282–83, which held that juries should be informed of the statutory requirement that a defendant serve 85% of his sentence before he can be considered for parole. The instruction represents a departure from the general rule that parties are not to encourage jurors to speculate about the possibility of parole. The language of the instruction is tailored to fit the specific statutory provisions, and gives factual information without encouraging speculation. *Anderson,* 2006 OK CR 6, ¶ 16, 130 P.3d at 279. The statute is very narrowly focused. It mandates that a defendant must serve a minimum term consisting of 85% of his imposed sentence before he may be considered for parole. 21 O.S.Supp.2007, § 13.1. The statute neither requires that a defendant be paroled after serving 85% of his sentence, nor prohibits him from parole consideration. It is designed merely to ensure that defendants who

---

1. Florez must serve 85% of this sentence before becoming eligible for parole consideration.

are convicted of certain crimes will serve 85% of whatever sentence they receive before parole becomes an option. Any instruction or argument to the jury based on this statute must accurately reflect its limited mandate, and the uniform jury instruction given in this case does precisely that. OUJI–CR 2d 10–13B.

¶ 5 The prosecutor here improperly argued the effect of the 85% Rule to the jury in final closing argument:

And you're also given an instruction that tells you he will only do 85 percent of what you give him. He's not going to do all of it. So you've got to take that into consideration. He's only going to do 85 percent of it.

Florez did not object to this statement at the time it was made. However, the record reflects that closing argument ended within two minutes after the statement was made. At that time, in a sidebar conference, defense counsel stated that the prosecutor had misstated the law regarding the 85% Rule and asked the trial court to re-instruct jurors on that Rule. Rather than do so, the trial court told jurors that:

[S]ometimes people make arguments that somebody disagrees with. I'd ask you simply to read your instructions and listen to the evidence and resolve any questions you have about arguments that were made by either side.

¶ 6 Florez is correct. This argument is a misleading misstatement of law which constitutes a substantial violation of Florez's constitutional and statutory right to have his jury correctly instructed regarding sentencing. 20 O.S.2001, § 3001.1. Florez's prosecutor told his jury that under the 85% Rule he would be freed before he served the full term of any sentence imposed. Nothing in either 21 O.S.Supp.2007, § 13.1 or the standard criminal jury instruction supports this interpretation. As discussed above, the plain language of the statute gives no authorization to automatically release a defendant before his imposed sentence is served. The statute requires, rather, that a defendant must serve a mandatory minimum term of years before early release may be considered. The statutory reality is the opposite of

the prosecutor's argument. Prosecutors should not misstate the law in closing argument. *Brewer v. State*, 2006 OK CR 16, ¶ 10, 133 P.3d 892, 894; *Hooks v. State*, 2001 OK CR 1, ¶ 49, 19 P.3d 294, 316, reversed in part, *Hooks v. Workman*, 606 F.3d 715 (10th Cir. 2010); *Miller v. State*, 1992 OK CR 77, ¶¶ 4–5, 843 P.2d 389, 390. This misstatement of law grievously misled jurors into believing that Florez would, by statute, be released before serving the entirety of any term of years they imposed. Prosecutors should not mislead jurors in closing argument, particularly when the misleading statements involve incorrect statements of law. *Bell v. State*, 2007 OK CR 43, ¶ 8, 172 P.3d 622, 625; *Miller*, 1992 OK CR 77, ¶ 5, 843 P.2d at 390; *Johnson v. State*, 1986 OK CR 187, ¶ 5, 731 P.2d 424, 428. It is error for a prosecutor to argue to jurors that a defendant will not serve the full term of imprisonment imposed. *Tucker v. State*, 1972 OK CR 170, ¶ 11, 499 P.2d 458, 461.

¶ 7 The State argues on appeal that the closing comments were not error because they "properly called the jury's attention to the 85% rule in determining an appropriate sentence." The prosecutor certainly called the jury's attention to the 85% Rule. However, she did so by flatly misstating the law's intention and effect, and thus encouraging jurors to misapply the law in considering an appropriate punishment. The State argues that the "concept" of the prosecutor's statement was that Florez would have to serve 85% of his sentence before becoming eligible for parole. That would have been a correct statement of the law. However, the prosecutor's actual words make no mention of parole and explicitly tell jurors that, pursuant to the 85% Rule instruction they were given, Florez would not have to serve the full sentence imposed. The proper interpretation of the 85% Rule suggested on appeal simply cannot be reconciled with the language of the improper interpretation argued to the jury.

¶ 8 The State suggests on appeal that the trial court's statement to the jury after argument was concluded amounted to an admonishment which cured any error. The record does not support this claim. The trial court told jurors that people could disagree

with statements made in argument; this implies that there might be a way to view the State's argument as a legitimate interpretation of the statute. As no such interpretation is possible, the trial court may have inadvertently given credence to the State's improper misstatement of law. Further, the trial court simply told jurors to review their recollections of the evidence and re-read the instructions. The prosecutor had just misstated the law in explaining the contents of the 85% Rule instruction. Telling jurors to re-read the instruction was not an effective cure for this error. Jurors' only frame of reference regarding the meaning of the instruction was the misstatement of law they had just heard. The trial court did nothing to correct that misstatement, leaving jurors with the impression that the prosecutor's interpretation of the instruction was correct.

■ ¶ 9 In another case this misstatement of law would require either reversal for re-sentencing or sentence modification. Under the specific facts of this case, no relief is required. Assault and battery by force likely to produce death carries a maximum sentence of life in prison. The prosecutor asked jurors to recommend a sentence of 16 years. The jury recommended Florez serve eight years. Given the disparity between the possible maximum sentence and the sentence imposed, and the fact that jurors chose a sentence half as long as that which the prosecution requested, Florez fails to show he was prejudiced by this error. *Johnson,* 1986 OK CR 187, ¶ 16, 731 P.2d at 428. Under the circumstances of this case, the record supports the conclusion that this error did not play a role in the jury's sentencing decision. *Brewer,* 2006 OK CR 16, ¶ 17, 133 P.3d at 895.

### Decision

¶ 10 The Judgment and Sentence of the District Court is **AFFIRMED.** Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (2010), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

C. JOHNSON, P.J. and LEWIS, J.: concurs.

LUMPKIN, J.: concurs in result.

LUMPKIN, Judge, concur in results.

¶ 1 I concur in the results reached in this case but write separately to address the same concerns I raised in *Anderson v. State,* 2006 OK CR 6, 130 P.3d 273, 285–286 (Lumpkin, J., concur in part/dissent in part). This case presents the type of problem I wrote about in *Anderson* (application of the 85% Rule to life sentences). Once the door is opened to talking about parole, it is a slippery slope and difficult to establish parameters for the application of 21 O.S.Supp.2007, § 13.1.

¶ 2 Further, the judge's direction to the jury to rely on their instructions and the evidence was a sufficient admonishment to cure any error in the prosecutor's remarks. *See Warner v. State,* 2006 OK CR 40, ¶ 192, 144 P.3d 838, 890–91; *Hollan v. State,* 1984 OK CR 42, ¶ 19, 676 P.2d 861, 865. In *Boyde v. California,* 494 U.S. 370, 384, 110 S.Ct. 1190, 1200, 108 L.Ed.2d 316 (1990), the United States Supreme Court said:

> ... arguments of counsel generally carry less weight with a jury than do instructions from the court. The former are usually billed in advance to the jury as matters of argument, not evidence, and are likely viewed as the statements of advocates; the latter, we have often recognized, are . viewed as definitive and binding statements of the law.

¶ 3 Here, the jury was correctly instructed on the 85% Rule. We presume juries follow their instructions. *Ryder v. State,* 2004 OK CR 2, ¶ 83, 83 P.3d 856, 875, *citing Zafiro v. United States,* 506 U.S. 534, 540, 113 S.Ct. 933, 939, 122 L.Ed.2d 317 (1993). In light of the court's admonition and the correct jury instruction, any misstatement by the prosecutor, when considered in the context of the entire closing argument, did not deny Appellant a fair trial. *See Spears v. State,* 1995 OK CR 36, ¶ 60, 900 P.2d 431, 445 (allegations of prosecutorial misconduct will not cause a reversal of judgment or modification of sentence unless their cumulative effect is

such as to deprive the defendant of a fair trial).