2016 OK CR 9

Bruce Conway STEWART, Jr., Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–2015–282.

Court of Criminal Appeals of Oklahoma.

April 26, 2016.

Micah Sielert, Michael Housely, Oklahoma Indigent Defense System, Clinton, OK, counsel for defendant at trial.

Ricky A. McPhearson, Assistant District Attorney, Arapaho, OK, counsel for the State at trial.

Rana Hill, Appellate Defense Counsel, Norman, OK, counsel for appellant on appeal.

E. Scott Pruitt, Attorney General of Oklahoma, Timothy J. Downing, Assistant Attorney General, Oklahoma City, OK, counsel for the State on Appeal.

## OPINION

LUMPKIN, Vice Presiding Judge.

¶ 1 Appellant, Bruce Conway Stewart, Jr., was tried by jury and convicted of Driving a Motor Vehicle While Under the Influence of Drugs (Count 1) 47 O.S.Supp.2013, § 11–902(A)(4), After Two or More Felony Convictions, and Driving With License Suspended (Count 4) 47 O.S.2011, § 6–303, in the District Court of Custer County, Case Number CF–2014–256.[1] The jury recommended as punishment imprisonment for twenty (20) years and a $5,000.00 fine in Count 1 and incarceration in the county jail for one (1) year and a $500.00 fine in Count 4. The trial court sentenced Appellant accordingly but reduced the fine in Count 1 to $500.00. The trial court further ordered the sentences to run concurrently. It is from this judgment and sentence that Appellant appeals.

¶ 2 Appellant raises the following propositions of error in this appeal:

I. Improper evidence led to an excessive sentence.

II. The evidence was insufficient to convict Mr. Stewart of Driving Under the Influence of Drugs.

III. The trial court failed to instruct the jury on the definitions of "under the influence" and "impaired ability."

IV. Ineffective assistance of counsel denied Mr. Stewart a fair trial.

¶ 3 After a thorough consideration of these propositions and the entire record before us on appeal including the original records, transcripts, and briefs of the parties, we have determined the case should be remanded for resentencing.

## FACTS

¶ 4 On August 16, 2014, at approximately 11:45 p.m., Oklahoma Highway Patrol Trooper Aaron Hunter observed Appellant make an improper turn from U.S. Highway 183 onto Gary Boulevard, in Clinton, Oklahoma. Appellant deviated from the direct course and travelled into the outside lane during his turn. The windshield on the vehicle that Appellant was driving was cracked in the critical area within the span of the driver's side windshield wiper area. Trooper Hunter initiated his emergency lights and stopped Appellant's vehicle. As Appellant exited the car, Hunter observed a small package fall onto the pavement. Appellant picked up the package and leaned back into the car for several seconds. When Appellant finally made his way back to Hunter's patrol car, he informed the Trooper that he did not have a driver's license because it was suspended.

¶ 5 Hunter had Appellant take a seat inside the passenger seat in his patrol car. He observed that Appellant's speech was very thick and slurred. His movements were abnormal and very exaggerated. Appellant used his hands a lot and made brisk movements. Appellant's mouth was very dry and he smacked his lips a lot while talking. Hunter recognized all of these as indicators of methamphetamine or stimulant use. When Hunter asked Appellant if he had used methamphetamine or any stimulants, Appellant advised that he had done so in the past.

¶ 6 Appellant remained nervous throughout the encounter. Hunter could see Appellant's pulse beating in the side of his neck. He also observed Appellant's pulse beat through his stomach area. Five minutes after Hunter had Appellant take a seat in the patrol car, Hunter checked Appellant's pulse and observed that it was outside the normal range of 60 to 72 beats per minute. Hunter determined that Appellant's pulse was elevated to 110 beats per minute. Appellant's

---

1. The jury acquitted Appellant as to the offenses of Possession of Controlled Dangerous Substance (methamphetamine and marijuana) (Count 2) (63 O.S.Supp.2012, § 2–402), and Unlawful Possession of Drug Paraphernalia (Count 3) (63 O.S. 2011, § 2–405).

elevated heart rate was also a sign of methamphetamine or stimulant use.

¶ 7 When Lieutenant Paul Christian arrived to assist Hunter with the passenger in the vehicle, Hunter had Appellant step out of the patrol car. Hunter performed the Romberg sobriety test on Appellant and had him estimate the passage of 30 seconds. Appellant's perception of time was sped up. Appellant estimated that 30 seconds had passed after only 11 seconds. A normal response on this test is between 27 and 33 seconds. Because stimulant use speeds up the processes and causes the user to think that time is passing faster than it actually is, Appellant's test result suggested to Hunter that Appellant was under the influence of intoxicants. Based upon his training and experience, Hunter believed that Appellant was extremely intoxicated.

¶ 8 Lieutenant Christian observed Appellant during the time that Hunter gave him the Romberg test. He noticed that Appellant was unsteady on his feet, very animated, and fidgety. Appellant was sweating profusely and his shirt was wet with sweat. Christian believed that Appellant was under the influence of methamphetamine.

¶ 9 The Troopers placed Appellant under arrest and searched the vehicle which Appellant had been driving. Hunter found a Crown Royal bag between the driver's seat and the center console. Inside the bag were 4 plastic baggies containing marijuana, a single plastic baggy containing methamphetamine, and a marijuana smoking pipe.

¶ 10 The Troopers took Appellant to the Custer County Jail. They offered him a blood test but Appellant refused to take the test. Detention Officer Audrey Mejia booked Appellant into the jail. She noticed that Appellant was sweating, jittery, dramatic and kind of agitated looking. Based upon her training and experience she believed that Appellant was intoxicated on methamphetamine.

## ANALYSIS

¶ 11 In Proposition One, Appellant contends that the trial court committed error when it admitted prejudicial evidence during the second stage of the trial. He argues that this improper evidence caused the jury to recommend an excessive sentence in Count 1.

¶ 12 Appellant concedes that he waived appellate review of this issue when he failed to raise this challenge before the trial court. *Simpson v. State*, 1994 OK CR 40, ¶¶ 2, 23, 876 P.2d 690, 692–93, 698. Therefore, we review Appellant's claim pursuant to the test set forth in *Simpson*. Under this test, an appellant must show an actual error, which is plain or obvious, and which affects his substantial rights. *Malone v. State*, 2013 OK CR 1, ¶ 41, 293 P.3d 198, 211–212; *Levering v. State*, 2013 OK CR 19, ¶ 6, 315 P.3d 392, 395; *Simpson*, 1994 OK CR 40, ¶¶ 10, 26, 30, 876 P.2d at 694, 699, 701. We will correct plain error only if the error seriously affects the fairness, integrity or public reputation of the judicial proceedings or otherwise represents a miscarriage of justice. *Id.*

¶ 13 Appellant, first, argues that the State improperly introduced judgment and sentence documents which referenced suspended sentences, supervised probation and rules of probation. We find that Appellant has not shown that error occurred within this claim.

¶ 14 The longstanding rule is that the parties are not to encourage jurors to speculate about probation, pardon or parole policies. *Florez v. State*, 2010 OK CR 21, ¶ 4, 239 P.3d 156, 157; *Hunter v. State*, 2009 OK CR 17, ¶ 10, 208 P.3d 931, 933; *Anderson v. State*, 2006 OK CR 6, ¶ 11, 130 P.3d 273, 278. We determine whether, in light of the totality of the circumstances, the prosecution made such an unmistakable reference to the pardon and parole system of Oklahoma to result in prejudice to the defendant. *Harney v. State*, 2011 OK CR 10, ¶ 24, 256 P.3d 1002, 1007.

¶ 15 In the present case, the State introduced four separate judgment and sentence documents to prove Appellant's prior felony convictions in the present case. State's Exhibit Number 4 was a certified copy of Appellant's Judgment and Sentence in the District Court of Custer County Case No. CF–2003–161, which reflected his conviction for the felony of Possession of Marijuana. State's Exhibit Number 5 was a certified copy of

Appellant's Judgment and Sentence in Custer County District Court Case No. CF-2005–414, which reflected his conviction for the felony of Driving a Motor Vehicle While Under the Influence of Alcohol. State's Exhibit Number 6 was a certified copy of Appellant's Judgment and Sentence in the District Court of Woodward County Case No. CF-2009–51, which reflected Appellant's conviction for Distribution of Controlled Substance (Marijuana). State's Exhibit Number 7 was a certified copy of Appellant's Judgment and Sentence in the District Court of Ellis County Case No. CF-2011–38 which reflected Appellant's conviction for the felony of Driving a Motor Vehicle While Under the Influence of Alcohol. (Tr. 238–39).

¶ 16 Exhibit Numbers 5, 6, and 7 all referenced the fact that Appellant had received suspended sentences. Exhibit Numbers 6 and 7 both contained Rules and Conditions of Probation.

 ¶ 17 This Court has distinguished between the circumstance where a prosecutor makes an unmistakable comment upon probation or parole and the instance where the judgment and sentence documents reference probation or parole. *See Darks v. State*, 1998 OK CR 15, ¶ 59, 954 P.2d 152, 167 (*citing Richardson v. State*, 1979 OK CR 100, ¶ 19, 600 P.2d 361, 367). The introduction of the judgment and sentence is a proper part of the proof of a former felony conviction. *Camp v. State*, 1983 OK CR 74, ¶¶ 2–3, 664 P.2d 1052, 1053–54. A judgment and sentence which indicates that the defendant received a suspended sentence, standing alone, does not constitute plain error. *Id.*; *Honeycutt v. State*, 1967 OK CR 154, ¶¶ 18–20, 432 P.2d 124, 128. In contrast, this Court has found that it is error for the prosecutor to explicitly inform the jury that the defendant has received a suspended sentence through reading this fact off of the Information during the State's opening statement and calling the jury's attention to this fact during closing argument. *Hunter*, 2009 OK CR 17, ¶ 9–10, 208 P.3d at 933–34.

¶ 18 Reviewing the totality of the circumstances in the present case, we find that the prosecutor did not make an unmistakable comment upon probation or parole in the present case. The prosecutor did not explicitly inform the jurors that Appellant had received suspended sentences. Instead, the prosecutor argued during closing argument that Appellant kept breaking the law and had averaged one felony every three years over the last twelve years. The prosecutor then asked the jurors to look at the judgment and sentence documents to see what had happened. He asked the jurors to look at the dates on them. As such, we find that error, much less plain error, did not occur.

 ¶ 19 Appellant further argues that the judgment and sentence documents included extraneous information which was unfairly prejudicial to him. We note that relevant evidence is generally admissible. *Andrew v. State*, 2007 OK CR 23, ¶ 61, 164 P.3d 176, 193; *see also Postelle v. State*, 2011 OK CR 30, ¶ 31, 267 P.3d 114, 131 ("Relevant evidence is evidence having any tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."). However, the Oklahoma Evidence Code provides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, needless presentation of cumulative evidence, or unfair and harmful surprise. 12 O.S.2011, § 2403. "When measuring the relevancy of evidence against its prejudicial effect, the court should give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." *Mayes v. State*, 1994 OK CR 44, ¶ 77, 887 P.2d 1288, 1310.

¶ 20 Reviewing the record, we find that Appellant has shown an error that is plain or obvious in the absence of any objection at trial. It appears that the prosecutor failed to redact unfairly prejudicial materials from the judgment and sentence documents. Exhibit Numbers 4 and 5 both contained the Form 13.8(A), Additional Findings at Time of Sentencing, which had been filed of record in those cases after the district court sentenced

Appellant.[2] Each of the forms was attached to the last page of the judgment and sentence document. It appears that the individual who prepared the Form 13.8(a) forms did not complete the documents but instead attached copies of Appellant's criminal histories to those forms. The form attached to Exhibit Number 4 states: "See OSBI Rap Sheet." Criminal history records follow both of the Form 13.8(A) documents. The criminal histories are dated at or around the time of the arrests which led to Appellant's prior convictions. The last page of Exhibit Number 4 is the Bench Warrant issued for Appellant's failure to appear at preliminary hearing in that case. It contains the Custer County Court Clerk's certification stamp. The last page of Exhibit Number 5 is the last page of the criminal history document and contains the Custer County Court Clerk's certification stamp.

¶ 21 These additional pages were irrelevant and prejudicial. Our Rules explicitly provide that Form 13.8(A) "shall not be admitted into evidence in any future prosecutions." Section XIII, Form 13.8(A), *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App. (2015).

¶ 22 The Oklahoma State Bureau of Investigation criminal history which was attached to Exhibit Number 4 indicated that Appellant had a prior felony conviction for Second Degree Burglary in the District Court of Bryan County. The NCIC Interstate Identification Index which was attached to Exhibit Number 5 listed both the Bryan County conviction and a conviction for Second Degree Burglary in New Madrid County, New Mexico. The State had not alleged either of these convictions in the second page of the Information. (O.R. 69–70). The Driver's License Master Record which was attached to Exhibit Number 5 reflected Appellant's commission of other drug and alcohol offenses and administrative actions. The State was required to redact this other crimes and bad acts evidence from the judgment and sentence exhibits. *Harney,* 2011 OK CR 10, ¶¶ 16–17, 256 P.3d at 1006.

2. This Court adopted Form 13.8(A), at the request of the Oklahoma Legislature, to document

[10] ¶ 23 As this evidence was introduced during the second stage of the trial, the jury's determination of Appellant's guilt was not affected. However, we find that this improper evidence affected Appellant's substantial rights and seriously affected the fairness of the sentencing proceeding. Because the jury recommended the maximum punishment under the statutory range of punishment for the offense, we cannot find that this error was harmless. *Harney,* 2011 OK CR 10, ¶ 19, 256 P.3d at 1006. Therefore, we find that the case should be remanded to the district court for resentencing. *Id., citing* 22 O.S.2011, § 929.

[11] ¶ 24 In Proposition Two, Appellant challenges the sufficiency of the evidence supporting his conviction for Driving a Motor Vehicle While Under the Influence of Drugs. Reviewing the evidence in the light most favorable to the prosecution, we find that any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Easlick v. State,* 2004 OK CR 21, ¶ 15, 90 P.3d 556, 559; *Plantz v. State,* 1994 OK CR 33, ¶ 43, 876 P.2d 268, 281; *Spuehler v. State,* 1985 OK CR 132, ¶ 7, 709 P.2d 202, 203–204. Any rational trier of fact could have found that Appellant was under the influence. Trooper Hunter, Lieutenant Christian, and Officer Mejia all testified that based upon their experience and training they believed that Appellant was under the influence of methamphetamine. The description of Appellant's physical condition coupled with the traffic violation that Appellant committed tended to establish that an intoxicating substance had so far affected Appellant as to hinder, to an appreciable degree, his ability to operate a motor vehicle in a manner that an ordinary prudent and cautious person, if in full possession of his faculties, using reasonable care, would operate or drive under like conditions. *Stanfield v. State,* 1978 OK CR 34, ¶ 8, 576 P.2d 772, 774. Proposition Two is denied.

¶ 25 In his third proposition of error, Appellant contends that the trial court committed reversible error by failing to instruct the jury on the definitions of "under the

the past criminal record of a defendant prior to sentencing.

influence" and "with impaired ability." See Inst. Nos. 6–24, 6–35, OUJI–CR(2d) (Supp. 2005). He concedes that he waived appellate review of this issue when he failed to raise this challenge before the trial court. *Romano v. State*, 1995 OK CR 74, ¶ 80, 909 P.2d 92, 120; *Simpson*, 1994 OK CR 40, ¶ 2, 23, 876 P.2d at 692–93, 698. Therefore, we review Appellant's claim pursuant to the test set forth in *Simpson* and determine whether Appellant has shown an actual error, which is plain or obvious, and which affects his substantial rights. *Malone*, 2013 OK CR 1, ¶ 41, 293 P.3d at 211–12; *Levering*, 2013 OK CR 19, ¶ 6, 315 P.3d at 395; *Simpson*, 1994 OK CR 40, ¶¶ 10, 26, 30, 876 P.2d at 694, 699, 701. This Court will only correct plain error if the error seriously affects the fairness, integrity or public reputation of the judicial proceedings or otherwise represents a miscarriage of justice. *Id.*

¶ 26 In *Slusher v. State*, 1991 OK CR 83, ¶ 5, 814 P.2d 504, 505, this Court held "unequivocally that the terms 'under the influence' and 'with impaired ability' when such constitute an element of the offense, must always be defined in the instructions, whether requested or not, and the failure to so define is fundamental error which will result in reversible error." The State concedes that the trial court failed to instruct the jury concerning the requisite definitions but argues that *Slusher* conflicts with more recent cases holding that the omission of jury instructions, even those defining elements of an offense, can be harmless. We agree.

¶ 27 After *Slusher* was decided, this Court determined in *Simpson*, that the concept of fundamental error had been codified by the Oklahoma Evidence Code as plain error. *Simpson*, 1994 OK CR 40, ¶ 2, 876 P.2d at 692–93. We explicitly found that fundamental error, *i.e.*, plain error, is subject to harmless error analysis and overruled *Spears v. State*, 1991 OK CR 13, 805 P.2d 681, which had held to the contrary. *Simpson*, 1994 OK CR 40, ¶¶ 2, 8–9, 20, 876 P.2d at 693, 694, 698. If an appellant meets the heavy burden of demonstrating plain error, then "that plain error is subject to harmless error analysis." *Id.*, 1994 OK CR 40, ¶¶ 20, 34, 876 P.2d at 698, 701. If the error is a constitutional violation, we review to determine whether the error was harmless beyond a reasonable doubt. *Id.*, 1994 OK CR 40, ¶¶ 34–35, 876 P.2d at 701–02. If the error is the result of the failure to adhere to state law, it is considered harmless unless the error had a substantial influence on the outcome of the case or leaves the Court in grave doubt as to whether it had such an effect. *Id.*, 1994 OK CR 40, ¶¶ 34–35, 876 P.2d at 701–02.

¶ 28 Thereafter, the United States Supreme Court in *Neder v. United States*, 527 U.S. 1, 7–9, 119 S.Ct. 1827, 1833, 144 L.Ed.2d 35 (1999), held that an instruction that omits an element of an offense can be subject to the harmless error doctrine. In *Primeaux v. State*, 2004 OK CR 16, 88 P.3d 893, this Court recognized the Supreme Court's holding in *Neder* and determined that only those errors which have been previously identified as structural errors, require reversal regardless of the effect on the outcome. *Id.*, 2004 OK CR 16, ¶¶ 77, 81, 88 P.3d at 907–08 (*citing Arizona v. Fulminante*, 499 U.S. 279, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991)). If an instruction omits an element of the offense or relieves the State of its burden of persuasion, the inquiry is whether it is clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error. *Primeaux*, 2004 OK CR 16, ¶ 82, 88 P.3d at 908; *Burgess v. State*, 2010 OK CR 25, ¶ 21, 243 P.3d 461, 465.

¶ 29 Therefore, *Slusher* is in conflict with this Court's plain error and harmless error jurisprudence. To the extent that *Slusher* predetermines that instructional error requires reversal, it is overruled.

¶ 30 Turning to the present case, we find that plain error occurred. The trial court failed to instruct the jury concerning the definitions of "under the influence" and "with impaired ability." [3] However, it is clear beyond a reasonable doubt that a rational jury

---

3. An instruction on the definition of "with impaired ability" was necessary because the trial court instructed the jury concerning the lesser offense of Driving While Impaired. (47 O.S. 2011, § 761).

would have found Appellant guilty absent this error. *Primeaux,* 2004 OK CR 16, ¶ 82, 88 P.3d at 908. The trial court properly instructed the jury concerning all of the necessary elements of the charged offense. Inst. No. 6-19, OUJI-CR(2d) (Supp.2012). This instruction required the jury to determine that Appellant was under the influence of an intoxicating substance which was capable of rendering him incapable of safely driving a motor vehicle.

¶ 31 The evidence of Appellant's guilt was uncontroverted. All of the witnesses believed that he was intoxicated on methamphetamine. The witnesses all agreed that Appellant was very animated, fidgety, dramatic, and was sweating profusely. Trooper Hunter observed additional signs of methamphetamine intoxication. He noted that Appellant's speech was very thick and slurred. His mouth was very dry and he smacked his lips a lot while talking. Appellant's pulse was readily observable through his neck and stomach areas. Hunter determined that Appellant's pulse rate was elevated.

¶ 32 The evidence clearly established that Appellant's intoxicated state hindered his ability to safely operate a motor vehicle. *Stanfield,* 1978 OK CR 34, ¶ 8, 576 P.2d at 774. Appellant deviated from the direct course and allowed his vehicle to travel into the outside lane. He dropped a package on the ground when he exited his car and then leaned into the car for several seconds. Trooper Christian observed that Appellant was unsteady on his feet. Trooper Hunter observed that Appellant's movements were exaggerated and abnormal. His perception of time was inaccurate as it was sped up. Accordingly, we find that the trial court's error did not seriously affect the fairness, integrity or public reputation of the judicial proceedings or otherwise represent a miscarriage of justice. *Hogan v. State,* 2006 OK CR 19, ¶ 38, 139 P.3d 907, 923; *Simpson,* 1994 OK CR 40, ¶¶ 27-30, 876 P.2d at 700-01. Proposition Three is denied.

¶ 33 In Proposition Four, Appellant challenges the effectiveness of his counsel at trial. We find that he has not shown ineffective assistance of counsel pursuant to the two-part test mandated by the United States

Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Mitchell v. State,* 2011 OK CR 26, ¶ 139, 270 P.3d 160, 190.

¶ 34 Appellant asserts that defense counsel was ineffective when he failed to object to the admission of the documents which he challenged in Proposition One. We determined that Appellant had shown plain error and was entitled to relief in this proposition. As such, we find Appellant's ineffective assistance of counsel claim moot.

¶ 35 Appellant further asserts that defense counsel was ineffective when he failed to request the instructions which he asserts the omission of which constituted error in Proposition Three. We determined in Proposition Three that the trial court's error was harmless. As such, we find that Appellant has not shown a reasonable probability that the outcome of the trial would have been different but for counsel's failure to raise the challenge that he now raises on appeal. *Andrew,* 2007 OK CR 23, ¶ 99, 164 P.3d at 198; *Glossip v. State,* 2007 OK CR 12, ¶¶ 110-12, 157 P.3d 143, 161. Proposition Four is denied.

## DECISION

¶ 36 The Judgment and Sentence of the District Court on Count 4 is **AFFIRMED.** Appellant's conviction for Driving a Motor Vehicle While Under the Influence of Drugs in Count 1 is **AFFIRMED** but the case is **REMANDED TO THE DISTRICT COURT FOR RESENTENCING CONSISTENT WITH THIS OPINION.** Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App. (2016), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

LEWIS and HUDSON, JJ.: concur.

SMITH, P.J. and JOHNSON, J. concur in result.

JOHNSON, Judge, concurring in result.

¶ 1 I concur in the decision to affirm the Judgment and Sentence on Count 4. I further agree with the decision to affirm Stewart's conviction on Count 1 as well as with the decision to remand the matter for resen-

tencing because of the admission of prejudicial material (Form 13.8(A)) submitted with the Judgment and Sentence documents offered for sentence enhancement. I cannot join, however, in the majority's plain error analysis in Proposition I because I find the prosecutor erred by exhorting the jurors to review Judgment and Sentence documents, including the dates, that clearly showed Stewart had received suspended sentences. *See Hunter v. State*, 2009 OK CR 17, ¶ 10, 208 P.3d 931, 933–34. Furthermore, I continue to adhere to the plain error review discussed in *Hogan v. State*, 2006 OK CR 19, ¶ 38, 139 P.3d 907, 923 that is based on the federal statutory plain error review explained in *United States v. Olano*, 507 U.S. 725, 734–35, 113 S.Ct. 1770, 1777–78, 123 L.Ed.2d 508 (1993).

¶ 2 I am authorized to state that Judge Smith joins in this opinion concurring in result.