BEECHER v. STATE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:BEECHER v. STATE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 BEECHER v. STATE
2022 OK CR 6
Case Number: F-2020-945
Decided: 02/24/2022
BRIAN EUGENE BEECHER, Appellant v. THE STATE OF OKLAHOMA, Appellee
Cite as: 2022 OK CR 6, __ __

 

S U M M A R Y O P I N I O N 
LUMPKIN, JUDGE:
¶1 Appellant Brian Eugene Beecher was tried by jury and convicted of Assault and Battery with a Deadly Weapon (
21 O.S.2011, § 652), in the District Court of Kingfisher County, Case No. CF-2018-84. The jury recommended as punishment imprisonment for twenty (20) years. The trial court sentenced accordingly, and ordered Appellant to pay $250.00 Victim's Compensation Fund Assessment, a $150.00 DNA fee, a $250.00 presentence investigation fee and $24,005.43 in restitution.[1] It is from this judgment and sentence that Appellant appeals.
¶2 Appellant raises the following propositions of error in support of his appeal:
I. Because the State did not introduce any evidence of economic losses incurred by the victim, the trial court erred by awarding restitution. 
II. By failing to object to the improper award of restitution, defense counsel failed to effectively represent [Appellant]. 
¶3 After thorough consideration of these propositions and the entire record before us on appeal, including the original record, transcripts, and briefs of the parties, we have determined the case should be remanded for a proper restitution order. 
¶4 In Proposition I, Appellant argues the trial court erred in ordering $24,005.43 in restitution be paid to the insurance carrier Blue Cross Blue Shield of Oklahoma. Appellant admits he raised no contemporaneous objection to the restitution order. In the absence of a timely objection, our review on appeal is for plain error. White v. State, 2019 OK CR 2, ¶ 22, 437 P.3d 1061, 1070. Under the plain error test set forth in Simpson v. State, 1994 OK CR 40, ¶¶ 10, 26, 30, 876 P.2d 690, 694, 699, 701, this Court determines whether the appellant has shown an actual error, which is plain or obvious, and which affects his or her substantial rights. This Court will only correct plain error if the error seriously affects the fairness, integrity, or public reputation of the judicial proceedings or otherwise represents a miscarriage of justice. Id. See also Lee v. State, 2018 OK CR 14, ¶ 4, 422 P.3d 782, 785; Stewart v. State, 2016 OK CR 9, ¶ 12, 372 P.3d 508, 511.
¶5 Appellant argues the restitution order was plain error as the State's request for restitution did not show the out-of-pocket expenses incurred by the victim, Mr. Massey, but instead was a request for restitution for the insurance carrier Blue Cross Blue Shield of Oklahoma. The State agrees the trial court erred in its restitution order listing Blue Cross Blue Shield as the victim, as Mr. Massey, who was shot three (3) times by Appellant, is the victim under the applicable state statutes.
¶6 Restitution procedures are set forth in 22 O.S.2011, § 991a. See also Logsdon v. State, 2010 OK CR 7, ¶¶ 9-10, 231 P.3d 1156, 1162. Generally, section 991a(A)(1)(a) provides that restitution may be ordered only to the extent that the damage to the victim is determined with "reasonable certainty." A crime victim may be compensated by "restitution" for up to three times the amount of economic loss suffered by the victim as a direct result of the criminal act of the defendant. 22 O.S.2011, § 991f(A)(1). "Economic loss" includes the actual financial detriment suffered by the victim and may include such things as medical expenses, damage to or loss of real or personal property, and loss of earnings reasonably incurred as a direct result of the defendant's criminal act. 22 O.S.2011, § 991f(A)(3).
¶7 The Restitution Recovery Form submitted by the State lists Blue Cross Blue Shield of Oklahoma as the victim, and states in part that it provided $24,005.43 in benefits to Mr. Massey for "Air Evac" and other medical expenses. However, under the applicable statutory language, Blue Cross Blue Shield of Oklahoma was not the "victim" as contemplated by statute, as it did not suffer an economic loss as a direct result of a criminal act of another person. Instead, the insurance company paid out funds pursuant to a health insurance contract it had entered into with a group of individuals that included Mr. Massey. Accordingly, it was plain error for the District Court to order restitution be paid to the insurance company. The court's order is vacated, and the District Court is directed to conduct new proceedings to determine a proper restitution order.
¶8 In Proposition II, Appellant argues that trial counsel was ineffective for failing to object to the restitution order. As addressed in Proposition I, the court's restitution order was plain error and we have ordered the case be remanded to the District Court for a proper restitution order. Appellant's request for relief based upon counsel's failure to raise an objection is moot in light of our disposition of Proposition I.
DECISION
¶9 The JUDGMENT and SENTENCE is AFFIRMED. The District Court's restitution order is VACATED and the case REMANDED for a proper determination of restitution in accordance with this opinion. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2022), the MANDATE is ORDERED issued upon the delivery and filing of this decision.
AN APPEAL FROM THE DISTRICT COURT OF KINGFISHER COUNTY
THE HONORABLE PAUL K. WOODWARD, DISTRICT JUDGE




APPEARANCES AT TRIAL

APPEARANCES ON APPEAL


MICHAEL J. AMEND
2845 BROCE DR. BLDG. A
NORMAN, OK 73072
COUNSEL FOR THE DEFENSE

MARK P. HOOVER
OKLA. INDIGENT DEFENSE
P.O. BOX 926
NORMAN, OK 73070
COUNSEL FOR APPELLANT


MIKE FIELDS
DISTRICT ATTORNEY
JOHN SALMON
ASST. DISTRICT ATTORNEY
KINGFISHER CO. COURTHOUSE
101 S. MAIN, RM. 13
KINGFISHER, OK 73750
COUNSEL FOR THE STATE

JOHN O'CONNOR
OKLA. ATTORNEY GENERAL
AMY STUART-BEAVER
ASST. ATTORNEY GENERAL
313 N.E. 21ST ST.
OKLAHOMA CITY, OK 73105
COUNSEL FOR THE STATE
 
OPINION BY: LUMPKIN, J. ROWLAND, P.J.: Concur
HUDSON, V.P.J.: Concur
LEWIS, J.: Concur
FOOTNOTES
[1] Appellant must serve 85% of his sentence before becoming eligible for consideration for parole. 21 O.S.Supp.2015, § 13.1.




 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1994 OK CR 40, 876 P.2d 690, SIMPSON v. STATE
Discussed
 2010 OK CR 7, 231 P.3d 1156, LOGSDON v. STATE
Discussed
 2016 OK CR 9, 372 P.3d 508, STEWART v. STATE
Discussed
 2018 OK CR 14, 422 P.3d 782, LEE v. STATE
Discussed
 2019 OK CR 2, 437 P.3d 1061, WHITE v. STATE
Discussed
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 13.1, Required Service of Minimum Percentage of Sentence - Offenses Specified
Cited
 21 O.S. 652, Shooting with Intent to Kill - Assault and Battery with Deadly Weapon, etc.
Cited
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 991a, Sentence - Powers of the Court
Cited
 22 O.S. 991f, Definitions
Discussed


 
 








 
 
 
 

 
 




 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA