OSCN Found Document:JACOBS v. STATE

 

 
 JACOBS v. STATE2026 OK CR 2Case Number: F-2024-903Decided: 02/05/2026Mandate Issued: 02/05/2026THE COURT OF CRIMINAL APPEALS OF THE STATE OF OKLAHOMA
Cite as: 2026 OK CR 2, __ P.3d __

 
 

JAMES WESLEY JACOBS, JR., Appellant,
v.
THE STATE OF OKLAHOMA, Appellee.

SUMMARY OPINION

LUMPKIN, PRESIDING JUDGE:

¶1 Appellant, James Wesley Jacobs, Jr., was tried by jury and convicted in the District Court of Comanche County, Case No. CF-2021-172 of Count 1, First Degree Manslaughter, in violation of 21 O.S.2011, § 71121 O.S.Supp.2019, § 644

¶2 From this judgment and sentence, Appellant appeals and raises the following propositions of error:

I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT PERMITTED AN INCORRECT AND CONFUSING INSTRUCTION TO BE SUBMITTED TO THE JURY. THIS INCORRECT AND CONFUSING INSTRUCTION IMPROPERLY PERMITTED THE JURY TO CONSIDER IMPEACHMENT EVIDENCE AS SUBSTANTIVE EVIDENCE OF GUILT.

II. MR. JACOBS RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE II, § 20 OF THE OKLAHOMA CONSTITUTION.

¶3 After thorough consideration of these propositions and the entire record before us on appeal including the original record, transcripts, and briefs of the parties, we have determined that under the law and the evidence, Appellant is not entitled to relief.

I.

¶4 In his first proposition, Appellant contends the trial court erred in instructing his jury regarding the use of witness Ja'Kayla Jacobs' (Appellant's daughter) prior inconsistent statements. As there was no defense objection to the jury instructions, review of this claim is for plain error. Lee v. State, 2018 OK CR 14422 P.3d 782 As set forth in Simpson v. State, 1994 OK CR 40876 P.2d 690Id., 1994 OK CR 40Id., 1994 OK CR 40. Jury "[i]nstructions are sufficient where they accurately state the applicable law." Runnels v. State, 2018 OK CR 27426 P.3d 614

¶5 The State called Jacobs as a witness at trial. She admitted she did not want to testify. When asked on direct examination to tell the jury what she saw on the date of the crime, she refused and stated she did not know. Jacobs persisted in responding that she could not recall when asked questions about what she saw on that date. She also testified she did not recall when asked if she told police what she saw on the night of the crime during her interview with them. Police recorded their interview with Jacobs. Although Jacobs watched her recorded interview prior to being called as a witness, she persisted in saying she did not recall what she said during the interview. Ultimately, Jacobs admitted she made statements in the interview and that she told the truth, although she never testified about the statements made during the interview and continued to say she could not recall what she said. Defense counsel cross-examined Jacobs. The trial court granted the State's request to play the recorded interview for impeachment purposes. The trial court gave the jury a contemporaneous limiting instruction on the use of prior inconsistent statements for impeachment purposes.

¶6 The jury received Instruction No. 9-20, OUJI-CR (2d) regarding Jacobs' testimony as follows:

Evidence has been presented that on some prior occasion [Jacobs] made a statement inconsistent with her testimony in this case. This evidence is called impeachment evidence, and it is offered to show that the witness's testimony is not believable or truthful. If you find that a statement was made, you may consider this impeachment evidence in determining what weight and credit to give the testimony of [Jacobs]. You may not consider this impeachment evidence as proof of innocence or guilt. You may consider this impeachment evidence only to the extent that you determine it affects the believability of the witness, if at all.

However, if you find the statements of [Jacobs] were made on March 24, 2021, at Lawton Police Department to Detective Robert Meurant, the statements may also be considered as proof of innocence or guilt.

Appellant argues the second paragraph of the instruction was given in error.

¶7 Extrinsic evidence of a witness's prior inconsistent statement can be presented as follows pursuant to 12 O.S.2021, § 2613

¶8 The State properly played the video as a prior recorded recollection pursuant to 12 O.S.2021, § 2803

The following are not excluded by the hearsay rule even though the declarant is available as a witness:

. . . A record concerning a matter about which a witness once had knowledge but now has insufficient recollection to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in the witness's memory and to reflect that knowledge correctly. The record may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party[.]

This section is an exception to the hearsay rule. Given Jacobs' lack of memory regarding what she observed on the night of Willis' death and what she told police in her interview, her authentication of the video recording of that interview, and defense counsel's cross-examination of her, the State properly presented the video to the jury pursuant to Section 2803(5). See Stiles v. State, 1999 OK CR 19989 P.2d 955Cf. Welch v. State, 1998 OK CR 54968 P.2d 1231

II.

¶9 In his final proposition of error, Appellant claims he received ineffective assistance of counsel due to counsel's failure to object to the jury instruction addressed in Proposition I. "This Court reviews ineffective assistance of counsel claims under the two-part test mandated by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984)." Malone v. State, 2013 OK CR 1293 P.3d 198Strickland test requires an appellant to show: (1) that counsel's performance was constitutionally deficient; and (2) that counsel's deficient performance prejudiced the defense." Id.

¶10 The Court begins its analysis with the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Appellant must overcome this presumption and demonstrate that counsel's representation was unreasonable under prevailing professional norms and that the challenged action could not be considered sound trial strategy. Id. "When a claim of ineffectiveness of counsel can be disposed of on the ground of lack of prejudice, that course should be followed." Bland v. State, 2000 OK CR 114 P.3d 702Id., 2000 OK CR 11Harrington v. Richter, 562 U.S. 86, 112 (2011).

¶11 In Proposition I, we found that although the trial court gave an incorrect jury instruction regarding its use of the recording of Jacobs' police interview as an inconsistent statement, the error was harmless based upon our determination that the evidence was properly admitted as substantive evidence pursuant to Section 2803(5). Accordingly, Appellant has not shown a reasonable probability that the outcome of the trial would have been different but for counsel's failure to object to the jury instruction. See Stewart v. State, 2016 OK CR 9372 P.3d 508

DECISION

¶12 The Judgment and Sentence of the District Court is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2026), the MANDATE is ORDERED issued upon delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF COMANCHE COUNTY
THE HONORABLE GRANT SHEPERD, DISTRICT JUDGE

 
 
 
 
 APPEARANCES AT TRIAL
 
 LARRY MONARD
 OIDS
 1318 SW LEE BLVD.
 LAWTON, OK 73501
 COUNSEL FOR DEFENDANT
  
 
 
 APPEARANCES ON APPEAL
 
 MICHAEL D. MOREHEAD
 OIDS
 111 N PETERS, #100
 NORMAN, OK 73069
 COUNSEL FOR APPELLANT
 
 
 MADELINE VASQUEZ
 RYLEE SEABOLT
 ASST. DISTRICT ATTORNEY
 315 SW 5TH STREET
 LAWTON, OK 73505
 COUNSEL FOR STATE
 GENTNER F. DRUMMOND
 ATTORNEY GENERAL
 BREANNA C. GLOVER
 ASST. ATTORNEY GENERAL
 313 NE 21ST STREET
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 

OPINION BY: LUMPKIN, P.J.:
MUSSEMAN, V.P.J.: Specially Concur
LEWIS, J.: Concur
HUDSON, J.: Specially Concur
ROWLAND, J.: Concur

FOOTNOTES

21 O.S.2021, § 13.1

MUSSEMAN, V.P.J., SPECIALLY CONCURRING:

¶1 I join the Court's summary opinion in full, but I write separately to clarify the limits of today's holding that the recorded police interview was admissible as a past recorded recollection under Section 2803(5) of Title 12.

¶2 As an exception to the hearsay rule, Section 2803(5) requires "[a] record concerning a matter about which a witness once had knowledge but now has insufficient recollection to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in the witness's memory and to reflect that knowledge correctly." In the present case, the witness's recorded statements to law enforcement satisfied this standard. See United States v. Sollars, 979 F.2d 1294, 1298 (8th Cir. 1992) (permitting government to play tape recording of witness under Fed. R. Evid. 803(5) where witness no longer recalled details of interview with agents); United States v. Riley, 657 F.2d 1377, 1386 (8th Cir. 1981) (allowing government to introduce taped interview of the victim given to a law enforcement officer when victim had no present memory of the matter recorded under Fed. R. Evid. 803(5)); United States v. Lewis, 954 F.2d 1386, 1393--95 (7th Cir. 1992) (allowing government to admit report by FBI agent of witnesses' statements under Fed. R. Evid. 803(5) when witness could not remember statements made to the agent but testified that he would have told the truth during the interview).

¶3 However, it is important to emphasize that this rationale does not reflect a per se rule regarding law enforcement recordings. Rather, each proffered record must be evaluated individually considering its unique facts before being presented to a fact finder.

I am authorized to state Judge Hudson joins in this writing.